PHILENA CRISTMAN

*v.*

TIMOTHY T. PECK *et al.*

1. MANDAMUS—*when refused.* The court will refuse to grant a *mandamus* when it is manifest it will be barren and fruitless, or useless, or can not have a beneficial effect.

2. Where school directors refused to permit certain children to attend the public school unless they would bring a written excuse for their previous absence, and it did not appear that the refusal was permanent, or applied beyond the term, and the petition for a *mandamus* to compel the directors to admit the children without an excuse, was filed one day before the close of the term, so that it was not possible to have a hearing before the close of the term, it was *held*, that the application for the writ was properly denied.

3. SAME—*amendment of answer.* It is within the discretion of the court to allow an amendment to an answer to a petition for a *mandamus*, which takes the place of a return to the writ, and the relator can not be heard to object to its allowance when he shows no right to the writ.

APPEAL from the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Messrs. KELLUM & CARNES, for the appellant.

Mr. R. L. DIVINE, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The relator applied for a *mandamus*, based on the assumed unauthorized act of the respondents as school directors in refusing to admit her children to the school until they brought a written excuse from her for their previous absence, to

compel the directors to admit them to the school without such written excuse. There is no averment, and no ground for assuming, that the refusal to admit the relator's children to the school, for the alleged cause, was permanent, or had reference to any other than the term being taught at the time the children neglected to bring the required excuse. That term expired on the second day of April, 1875. The petition of the relator was not filed until the first day of April, 1875, and the writ was served on the next day, the second day of April, being the last day of the school, and the first term of court at which there could possibly be a hearing (and the term to which the writ was returnable,) commenced on the second Monday of June next following.

It is therefore clear that no judgment that could possibly have been rendered in the case could have had the effect desired by the petition—namely, the admission of the relator's children to the term of school which closed on the second day of April, 1875.

The petition is not framed upon the hypothesis that the relator intends that her children shall, in the future, be absent from terms which they may commence attending, and that the respondents will thereupon again refuse to admit them to the school—even if that were admissible—and the evidence shows that, at the terms since taught, relator's children have been admitted without objection.

The rule is, the court will refuse a *mandamus,* "if it be manifest that it must be vain and fruitless, or useless, or can not have a beneficial effect." Tapping on Mandamus, (Am. ed.) 67—(side p. 15.)

On this principle it was held in *Woodbury* v. *Co. Comrs. of Piscataquis,* 40 Maine, 304, that the writ will be denied where a person applies for it for the purpose of being placed in an office filled by an annual election, to which he alleges he was duly chosen, but illegally counted out, where it appears that before any effectual action could be had in the case, if the writ should be granted, the term for which the petitioner

claims to have been elected will have expired. See also *Williams* v. *County Comrs.,* 35 Maine, 345; *Howard* v. *Gage,* 6 Mass. 462.

The expiration of the term of school here, from the benefits of which the relator claims her children were improperly excluded, being before it was possible any effectual action could be had by virtue of the writ, the court, on this ground alone, is fully vindicated in deciding in favor of the respondents and refusing a peremptory *mandamus.*

It is unnecessary to notice the objection to what relator's counsel denominate a plea *puis darrein continuance,* further than to say it is a misnomer to call it a plea at all. It is, in fact, but an amendment to the answer which takes the place of a return to the writ. The matter set up is not new, but matter omitted, doubtless through inadvertence, from the answer. It was within the discretion of the court to allow the amendment, and the relator is, in no correct sense, prejudiced by it—for, on the case she makes, she does not show that the granting of the writ would be of any practical benefit.

The judgment is affirmed.

*Judgment affirmed.*