People v. Rose.

# People ex rel. Wilson v. James A. Rose, Secretary of State.

1. MANDAMUS—*Where the Right Sought to be Enforced Has Become a Mere Abstract Right.*—Courts in exercising jurisdiction in mandamus will not award the peremptory writ where the right sought to be enforced is or has become a mere abstract right, the enforcement of which by reason of some change of circumstances since the commencement of the suit can be of no substantial or practical benefit to the petitioner.

Petition for Mandamus.—Trial in the Circuit Court of Winnebago County; the Hon. JAMES C. GARVER, Judge, presiding. Hearing and decree against relator for costs; appeal by relator. Heard in this court at the December term, 1898. Appeal dismissed. Opinion filed January 10, 1899.

J. C. SEYSTER and D. W. BAXTER, attorneys for appellant

EDWARD C. AIKEN, Attorney General, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a petition for mandamus brought at the relation of James P. Wilson against James A. Rose, Secretary of State, to compel him to certify the name of the relator to the clerks of the County Courts of Ogle and Winnebago Counties, as an independent candidate for the office of representative in the General Assembly for the Tenth Senatorial District in the State of Illinois, at the election then to be held on the 8th day of November, 1898.

The petition was presented at the October term, 1898, of the Circuit Court of Winnebago County, an answer filed thereto and a hearing had, by consent of the parties, October 31, 1898, at which time the prayer of the petition was denied and judgment entered against the relator for costs. In this court, to which an appeal was taken by the relator, the appellee has entered a motion, supported by his affidavit, to dismiss the appeal, assigning as a reason therefor, that since the filing of said petition the writ of mandamus, owing to the occurrence of the election on November 8, 1898, can be of no substantial or practical benefit to the relator.

" It is a well recognized principle that courts in exercising their jurisdiction in mandamus will not award the peremptory writ where the right sought to be enforced is or has become a mere abstract right, the enforcement of which by reason of some change of circumstances since the commencement of the suit can be of no substantial or practical benefit to the petitioner." Gormley v. Day, 114 Ill. 185; Christman v. Peck, 90 Ill. 150; Cutcomp v. Utt, Mayor, etc., 60 Ia. 156.

It is clear that if this case should be reversed and remanded with instructions to the court below to award the writ, no real benefit could accrue to the relator, and for all practical purposes it would be impossible for appellee to comply with the order of the court. The day of the election at which the relator sought to become a candidate to be voted for having passed, the purpose for which his petition was filed could not be accomplished, and therefore no reason now exists for considering the case upon the merits, and the motion to dismiss the appeal must be sustained.

It is suggested, however, by appellant, that this case should be heard upon the merits to determine the question of costs. It is possible that if, in a case of this character, the appeal should be perfected before the happening of the event which makes it impossible for the appellant to obtain the relief sought, the court would proceed to consider the case upon the merits to determine which party should pay the costs. No such condition exists here, however, as in this case the appeal was not perfected until eight days after the holding of the election, at which time the relator knew that no order which could be entered by this court could avail him in his attempt to get his name on the ticket at that election. Should this case, after a hearing upon the merits, be reversed and remanded, the court below would, under present conditions, have to dismiss the petition with costs against the relator.

The motion will therefore be sustained and the appeal dismissed.