## Gabriel Zaccone v. Enock Halverson.

1. COURTS—*Exist for the Disposition of Real Questions.*—The discussion of a question which is purely academic and not practical will not be indulged by courts of appeal, as such courts exist for the disposition of real questions and not for mooted ones.

Forcible Detainer.—Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed January 15, 1901. Rehearing denied.

SHERMAN & BURTT, attorneys for plaintiff in error.

C. C. BOWERSOCK, attorney for defendant in error.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

The defendant in error demised to one Spano by written lease, dated February 18, 1897, for a term of five years from March 1, 1897, the whole of certain premises in Chicago, consisting of a building containing two flats, a store or saloon with a basement and ice box, and a stable.

The lease contained a provision against subletting without the written consent of the lessor. Shortly afterward, Spano sublet the saloon and half the basement and the ice box to Zaccone, the plaintiff in error, who opened his saloon there March 1, 1897, and continued in possession for several months. No written permission for such subletting was ever given by the lessor. The inference seems to be that Spano surrendered his rights under the lease and gave back the lease itself to the lessor, on January 3, 1898, and that Zaccone had up to that time paid rent to Spano. Some controversy then arising between the lessor and Zaccone about the payment of water rents on the premises, the lessor, Halverson, began the present suit in forcible detainer on January 4, 1898, against Zaccone alone, claiming that Zaccone was there without right—as a mere trespasser—

and trials before the justice of the peace and in the Circuit Court ensued, in which Halverson, the lessor, prevailed.

A number of points are made and argued by the plaintiff in error against the correctness of the judgment but they need not be considered.

It plainly appears, by Zaccone's undisputed testimony, that after the suit was begun, and shortly before the trial in the Circuit Court, Zaccone sold out the saloon, etc., to one Muffoletto and that Halverson accepted Muffoletto as a tenant and made a new lease to him.

Any discussion of the questions by us would therefore be purely academic and not practical. Courts exist for the disposition of real questions and not for mooted ones.

If it might be said the question of costs is a practical one there is no point or argument made concerning them, and no specific error is assigned on that score.

The judgment of the Circuit Court is affirmed.