### Hiram A. Draper v. W. A. Hoops.

#### Gen. No. 4,792.

1. ATTACHMENT—*what judgment in, should contain.* A judgment in attachment should not only quash the writ but should provide that the defendant go hence without day and recover his costs of the plaintiff and have execution therefor.

Draper v. Hoops.

2. STATUTE OF FRAUDS—*what contract not within, as failing sufficiently to describe land agreed to be conveyed.* A contract by which it is agreed to transfer "158 acres, Lee county, Illinois," when accompanied by a written description of the property, sufficiently describes the land and is not within the Statute of Frauds.

3. STATUTE OF FRAUDS—*what contract within, as failing sufficiently to describe land agreed to be conveyed.* A written contract by which "a frame residence in Walnut, Illinois," etc., is agreed to be conveyed, insufficiently described the property and the contract is within the Statute of Frauds.

4. STATUTE OF FRAUDS—*when may be availed of at law by demurrer.* The benefit of the Statute of Frauds as a defense to a suit at law can be taken by demurrer only when it affirmatively appears from the pleadings that the agreement relied upon is not evidenced by a writing duly signed.

5. ATTACHMENT—*when action of court in denying motion to continue, pending appeal, will not be reviewed.* The action of the court in denying a motion to continue an attachment lien pending an appeal will not be reviewed where it appears that after the denial of such motion the defendant in the attachment had sold the property in question.

Assumpsit. Error to the Circuit Court of Whiteside county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the April term, 1907. Reversed and remanded. Opinion filed August 6, 1907.

FOWLER & POWELL and McCALMONT & RAMSAY, for plaintiff in error.

A. A. WOLFERSPERGER and C. C. McMAHON, for defendant in error.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

W. A. Hoops and Hiram A. Draper entered into a contract in writing, in the words and figures following:

"CHICAGO, Sept. 4, 1906.
I, William A. Hoops, have this day sold and agree to transfer by contract or bill of sale to Hiram A. Draper, of Franklin Park, Illinois, a stock of general mdse. located in Fulton, Ill., formerly owned by J. B.

Broadhead, to invoice not less than $24,000, receipts from Sept. 3, to Hiram A. Draper not to include fittings. H. A. Draper agrees to transfer by warranty deed 158 acres Lee county, Ills., a frame residence in Walnut, Ills., two-story house in Franklin Park, Week Resubdivision, east of W. C. R. R. All the above property to be free and clear.

W. A. HOOPS.<br>HIRAM A. DRAPER.

Delivery October 1, 1906."

Draper brought suit in assumpsit with an attachment in aid thereof, in the Circuit Court of Whiteside county, against Hoops, to recover damages for refusal to deliver the stock of merchandise mentioned in the contract.

The second amended declaration contained three counts, to which the court below sustained a demurrer. Plaintiff elected to abide by his declaration. The court entered judgment, quashing the attachment writ and dismissing the case at the cost of plaintiff. The judgment is erroneous in form. It should have been, besides quashing the writ, that the defendant go hence without day and recover his costs of plaintiff and that execution issue therefor. Wenom v. Fossick, 213 Ill. 70; 11 Ency. of Pl. & Pr. 925.

The first count averred that plaintiff then and there delivered to defendant in connection with said written agreement, a written description of the 158 acres of land in said Lee county. It averred that plaintiff had always been ready to accept a delivery of the stock of general merchandise and pay for the same by a delivery of warranty deeds of said real estate free and clear of encumbrances, whereof the defendant then and there had notice; but that defendant refused to deliver the stock of general merchandise, and that the plaintiff was thereby damaged in the several particulars therein averred. The objection to this count is, that the instrument counted on is void under the Statute of Frauds, for the reason that the land is not

sufficiently described therein, so that it can be identified. To this cause of demurrer plaintiff makes two replies: First, that he brings the suit, and that the part to be performed by defendant is plain and explicit, and therefore the question whether the contract can be enforced against plaintiff is immaterial even if all the plaintiff has to do rests in parol. Second, that the descriptions are sufficient as set out in the contract, so they can be made complete by parol testimony. We are of the opinion that if no land was mentioned in the contract except the Lee county land, there was sufficient in the contract with the written description of the Lee county land, then and there delivered to defendant by plaintiff, to form a consideration for the stock of merchandise defendant was to deliver to plaintiff, to create an enforceable consideration for the stock of merchandise defendant was to deliver to plaintiff, to create an enforceable contract. But the contract also specifies a frame residence in Walnut, Illinois. It is impossible from this description to identify any particular residence. If plaintiff tendered defendant a deed of any frame residence in Walnut, Illinois, it would answer this description, and no one could know that such a deed, so tendered, did not answer this description. If plaintiff had several frame residences in Walnut, Illinois, he could have tendered a deed of any one of them, or he could have purchased any frame residence in Walnut, Illinois, after this contract was made, and tendered it to defendant. The same reasoning applies as well to the two-story house in Franklin Park, Week Resubdivision, east of W. C. R. R. If these descriptions could be interpreted, my frame residence, or his frame residence in Walnut, Illinois, and his two-story house in Franklin Park, and this had been coupled with an averment that plaintiff had but one frame residence in Walnut, Illinois, and had but one two-story house in Franklin Park, then, doubtless the property could be identified. Hurley v. Brown, 98 Mass. 545, cited and relied on by plaintiff, seems to hold that such language will be interpreted to mean that

such real estate is owned by the party offering to convey; but we are unable to find any case in Illinois that so interprets such a contract. In the absence of any such word as "his" or "my," we hold that the descriptions of these two pieces of property mentioned in the contract were insufficient to identify the land, and therefore the contract was unenforceable against plaintiff and he could not enforce it against the opposite party.

The third count set out this contract, and then set out the execution of three certain deeds by plaintiff to defendant alleging that they were conveyances of the land described in the contract, and that he delivered them to Thomas E. Mays, agent for defendant, with instructions to Mays to deliver them to defendant upon the execution and delivery by defendant to Mays of a bill of sale of said stock of merchandise, of which defendant was informed. This is not an averment that the stock of merchandise was delivered to plaintiff, and though it avers that Mays was agent for defendant, as plaintiff instructed Mays to hold the deeds until defendant delivered a bill of sale, Mays must be regarded under that averment as agent for plaintiff, to hold those deeds, or else as holding them in escrow for both parties. Moreover, the same count alleged as part of the damages plaintiff suffered, that he became liable to pay said Mays commissions for negotiating said trade. Thus it appears from the averment that Mays was plaintiff's agent. The deeds were executed and placed in escrow, but not delivered to defendant nor accepted by him. It is impossible to know from these deeds that they convey the real estate mentioned in the contract, except as to the land in Lee county. Walnut, Illinois, is known to the court to be in Bureau county, and there is a conveyance of land in Bureau county, but it is not described as located in Walnut, but in Ross Park in Bureau county. The remaining deed does not describe the real estate as located in Franklin Park, but as located in River

Park.  If defendant had accepted these deeds as a
compliance with the contract, then plaintiff, having
executed the contract on his part, to the satisfaction
of defendant, would have a cause of action against
defendant, but defendant did not accept these deeds
and the contract is so vague in the description of the
Walnut and Franklin Park property, that it cannot be
known from the papers that these deeds cover the
property intended and are a performance by plaintiff
of his part of the contract.  We, therefore, conclude
that this contract is void for lack of a description
sufficient to identify the property plaintiff was to con-
vey to defendant, as a consideration for the general
stock of merchandise.

The second count simply avers that plaintiff bar-
gained for and agreed with defendant to exchange the
real estate in said count described, for the stock of
merchandise therein described, and that plaintiff exe-
cuted deeds of the said real estate and deposited them
in escrow for defendant, of which said defendant had
notice, but that defendant refused to convey the stock
of merchandise, to the damage of plaintiff.  No con-
tract is set out in terms in that count.  Under such cir-
cumstances, it must be assumed on demurrer, that the
contract was full and sufficient, and not obnoxious to
the Statute of Frauds.  The benefit of the Statute of
Frauds as a defense in a suit at law can be taken
by demurrer only when it affirmatively appears from
the pleadings that the agreement relied upon is not
evidenced by a writing duly signed.  Speyer v. Des-
jardins, 144 Ill. 641; Hamilton v. Downer, 152 Ill. 651;
Fowler v. Fowler, 204 Ill. 103.  The second count was
therefore good, and the court erred in sustaining a
demurrer thereto, for which error the judgment must
be reversed.

It is urged that the court erred in overruling the
motion of plaintiff for continuing the lien of the attach-
ment writ and directing the sheriff to retain posses-
sion of the property levied upon pending appeal, and

in argument it is stated that soon after the attachment was quashed, defendant sold the stock of goods. If this be true, the question thus presented is purely academic and should we hold that the court erred in refusing this request, it would be idle and useless, because the sheriff could not repossess himself of the property attached. The discussion of a question which is purely academic and not practical, will not be indulged by courts of appeal, as such courts exist for the disposition of real questions and not mooted ones. Zaccone v. Halverson, 92 Ill. App. 661; Kelly v. Mass. Mutual Ins. Co., 46 Ill. App. 460; Loven v. People, 46 Ill. App. 306.

The judgment is reversed for the error of the court in sustaining the demurrer to the second count, and the cause remanded.

*Reversed and remanded.*