**People of the State of Illinois, ex rel. C. H. Payson et al., Plaintiffs in Error, v. Wendell P. Kay et al., Defendants in Error.**

### Gen. No. 5245.

MANDAMUS—*when peremptory writ not granted.* A peremptory writ of mandamus is never awarded to settle mere abstract rights unaccompanied by practical and substantial benefits.

Mandamus. Error to the Circuit Court of Iroquois county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the October term, 1909. Writ dismissed. Opinion filed March 11, 1910.

**Statement by the Court.** August Henning, W. E. Skiff and F. H. Higgins, three of the aldermen of the city of Watseka, and C. H. Payson as relators on March 26, 1909, filed a petition in the Circuit Court of Iroquois county for a writ of *mandamus* against W. P. Kay as Mayor of Watseka and C. H. Parker, W. F. Fox and J. E. Wills, as aldermen of Watseka.

The petitioners allege that they are citizens, taxpayers and voters of the city of Watseka; that in 1872 the city was by a vote of the citizens, incorporated under chapter 24 of the Statutes of Illinois, and that a majority of the votes cast at that election were in favor of minority representation in the city council; that the city was divided into two wards, each having three aldermen; that the present mayor and aldermen were elected on the third Tuesday of April, 1907, and are still holding such offices; that on February

3, 1909, a petition signed by legal voters equal to one-eighth of the legal votes cast at the preceding general election was presented to the city council, praying that the question of equal representation in electing members of the city council be submitted to the legal voters; that the city council granted the prayer of the petition and appointed February 23, 1909, as the time for holding an election on that question; that a notice of said election was given and said election held and a majority of the ballots at said election was cast in favor of adopting equal representation; that the notice for said election was published in a newspaper published in the city of Watseka on February 3, 1909, before the petition was presented to the city council and in advance of the meeting of the city council which granted the prayer of the petition; that on February 13, 1909, printed notices, that bore the attestation of the city clerk were posted at each of the polling places to the effect that on February 23, 1909, an election would be held on the question of adopting the plan of equal representation, and no other notices were given, and that said notices were void and insufficient to give validity to said election; that the form of the ballot was not in accordance with the provisions of the statute, giving the form in *haec verba,* and that the ballots were void; that the election was held and a majority of the said void ballots was cast in favor of equal representation; that the vote was canvassed by the city council on February 23, 1909, and it was declared that equal representation had been adopted and the result of said canvass was entered on the city journal; that on March 1, 1909, the city council divided the city into three wards and posted notices for the regular annual city election of city officers to be held on April 20, 1909, and designated one place in each ward for holding said election, and on March 18, 1909, the city clerk posted notices for said election of April 20, 1909; that said

apportionment was without authority of law; that on March 23, 1909, the three relators, who are aldermen, issued a call for a special meeting of the city council to be held on March 24, 1909, in the matter of designating places at which the election should be held on April 20; that the special meeting was held and a resolution to name polling places in each of two wards into which the city had previously been apportioned was offered; that the relator aldermen voted in favor of it and the defendants who are aldermen, against it, and the vote being a tie the mayor voted against it; that a resolution was then offered fixing a place for holding said election in each of said three wards and naming judges and clerks, and that the aldermen who are relators voted against it and the aldermen who are defendants voted for it, and there being a tie vote the mayor voted for it and it was declared adopted; that said designating of three places, etc., is void; that petitioners are in favor of two voting places and have demanded of defendants to join relators who are aldermen in calling an election under the order of things as they were prior to March 1st, and the defendants refuse, etc. The petition prays that a writ of *mandamus* be issued to the defendants commanding the defendants as present members of the city council of the city of Watseka to join with petitioners, Henning, Skiff and Higgins, to designate two places in said city, one in each ward, as they were apportioned prior to March 1, 1909, and to join with said petitioners, Henning, Skiff and Higgins, in appointing necessary judges and clerks for the election to be held April 20, 1909. The defendants filed a demurrer to the petition, which on April 5, 1909, was sustained and a judgment was rendered against petitioners for costs. Petitioners prayed an appeal which, however, was not perfected, and on August 27, 1909, petitioners sued out a writ of error to the October term of this court to review the said judgment.

C. H. PAYSON, AUGUST HENNING and W. E. SKIFF, for plaintiffs in error.

EUGENE P. MORRIS and O. F. MORGAN, for defendants in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The writ of error was not sued out in this case until August, 1909, several months after the election in reference to which it was sought by the petition to compel the defendants in error as officers of the city to vote with the aldermen who are relators. It was conceded by plaintiff in error in oral argument in this court that an election was held on April 20, 1909, and that none of the parties to this suit, either relators or defendants in error, at the time the writ of error was sued out, were officers of the city; they are all out of office. Without the admission, the petition alleges that they were all elected in April, 1907, and the statute makes their term of office two years, so that their term of office expired with the holding of the election in April, 1909. The prayer of the petition only relates to the election to be held on April 20, 1909. That period has passed. No *mandamus* can now issue to call that election in any particular manner. It is well settled that a peremptory writ of *mandamus* will not be awarded when the right sought to be enforced is an abstract right, the enforcement of which by some change of circumstances since the commencement of the suit can be of no substantial or practical benefit to the petitioner. The question sought to be litigated by this writ of error, which is a new suit (Singer & Talcott Stone Co. v. Hutchinson, 176 Ill. 48; Helbig v. Citizens Ins. Co., 234 Ill. 257; International Bank v. Jenkins, 107 Ill. 291; Clowry v. Holmes, 238 Ill. 577), has now become a mere academic question or question of law, the decision of which would be fruitless and unavailing to peti-

tioners, and might embarrass the trial of some proper action brought to test the legality of the election of February 23, 1909. A peremptory writ of *mandamus* is never awarded to settle mere abstract rights, unaccompanied by practical or substantial benefits. North v. Trustees, etc., 137 Ill. 296; Cristman v. Peck, 90 Ill. 150; Gormley v. Day, 114 Ill. 185; People ex rel. v. Olsen, County Clerk, 215 Ill. 620; People ex rel. v. Rose, 81 Ill. App. 387; Zuccone v. Halverson, 92 Ill. App. 661; Board of Education v. Bolton, 85 Ill. App. 92.

It is not necessary to discuss the question whether the relators can in this proceeding try the validity of the election of February 23, 1909, since the prosecution of this writ of error cannot be of any practical benefit to the relators. The writ of error is dismissed.

*Writ dismissed.*