Thomas B. Kendrick, Appellee, v. Fred O. Wendel, Appellant.

## Gen. No. 5274.

MANDAMUS—*when appeal from order granting peremptory writ dismissed.* Courts in exercising their jurisdiction in *mandamus* will not award the peremptory writ where the right sought to be enforced is or has become a mere abstract right, the enforcement of which by reason of some change of circumstances since the commencement of the suit can be of no substantial or practical benefit to the petitioner.

Mandamus. Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1910. Dismissed. Opinion filed October 18, 1910.

BUTTERS & ARMSTRONG, for appellant.

McDOUGALL & CHAPMAN, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

At a city election held in the city of Ottawa, LaSalle county, on April 20, 1909, at which candidates for various city offices were voted for, Thomas B. Kendrick, appellee, and one Fred J. Halloway, were voted for for city treasurer. By mistake the election officers of the sixth ward placed the poll books, tally sheets and returns in the sack with the ballots. When the city council met to canvass the returns of the election, they did not find the returns from the sixth ward. It was considered that the returns from this ward would elect Kendrick and without them Halloway was elected. The city council requested the city clerk to attend the meeting, open the sack, and take out the poll books, tally sheets and returns, which he refused to do. Thereupon, Kendrick filed a petition for a writ of *mandamus* to compel the clerk so to act. A demurrer to the petition was overruled, and respondent ruled to answer said petition instanter. The clerk elected to abide by the demurrer. A

peremptory writ of *mandamus* was ordered, commanding the clerk to appear on the evening of April 30, 1909, before, the council, and to take with him a certain sack in his possession as city clerk, containing certain poll books, statements and tallies delivered to him by the judges of the certain election held in the sixth ward on April 20, 1909, and in the presence of said city council, to open said sack and deliver to said city council certain poll books, statements and tallies therein; and that he should then tie and seal said sack and retain possession of the same for the time and in the manner provided by the statute. Judgment was entered for costs against the petitioner and the clerk prayed an appeal, which was granted. The writ was issued and served, and, afterwards, the clerk filed a bond which was approved, and has since filed the record in this court seeking to review the action of the lower court.

The order or judgment only authorized a writ commanding that a certain thing be done on April 30, 1909. When the record was filed in this court, more than five months had elapsed since April 30, 1909. The order was not obeyed on April 30, 1909, and if we should affirm it, it is not in the power of the court to enforce the judgment, that is, to compel the clerk to produce the documents described, before the city council on April 30, 1909.

"It is a well recognized principle that courts in exercising their jurisdiction in mandamus will not award the peremptory writ where the right sought to be enforced is or has become a mere abstract right, the enforcement of which by reason of some change of circumstances since the commencement of the suit can be of no substantial or practical benefit to the petitioner." People v. Rose, 81 Ill. App. 387; Christman v. Peck, 90 Ill. 150; Gormley v. Day, 114 Ill. 185; North v. Trustees of University of Illinois, 137 Ill. 296; People v. Olsen, 215 Ill. 620. This subject is discussed and further authorities are cited in People ex rel. v. Kay, 154 Ill. App. 233.

The appeal is therefore dismissed.

*Appeal dismissed.*