## The People ex rel. John F. Willey et al., Appellees, v. Fred Buck, President et al., Appellants.

1. MANDAMUS—*appeal*. Where relators, alleged to be taxpayers and voters of a park district, filed a petition for mandamus to compel the trustees to call an election of officers on a certain date and after a demurrer to respondent's answer was sustained the writ issued, an appeal from the order and judgment will be dismissed where the date fixed by the order for the election has passed.

2. MANDAMUS—*where impossible to enforce*. Mandamus will not issue where the right sought to be enforced has become a mere abstract right the enforcement of which by reason of changed circumstances the court can see would be impossible, since no substantial or practical benefit can result to the petitioner.

Appeal from the Circuit Court of Sangamon county; the HON. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1912. Dismissed. Opinion filed April 18, 1913. Rehearing denied May 9, 1913.

B. L. CATRON, for appellants.

ALBERT SALZENSTEIN and THOMAS F. FERNS, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a petition for mandamus filed by certain relators who were alleged to be tax payers and legal voters of the city of Springfield and of Pleasure Driveway and Park District of Springfield, praying that a writ of mandamus issue directed to certain trustees of said Pleasure Driveway and Park District therein named commanding them to forthwith call the regular election for president and trustees of said Pleasure Driveway and Park District, to be held on the third Tuesday of July, 1912, and to give twenty days' notice of such election, the purpose for which same was to

be held, appoint the polling place or places and name the judges and clerks of the election in that part of the district outside of the city of Springfield, etc.

The petition contained many statements and recitations of facts, upon which the right to the award of the writ was claimed, but in the view we take of the case, no good purpose could be accomplished by restating same here.

To the petition the respondents filed an answer. Relators demurred to the answer, which demurrer was, by the court, sustained. Respondents, having elected to stand by their answer, judgment was, on June 25, 1912, rendered in favor of relators and the writ of mandamus was ordered to issue in accordance with the prayer of the petition, commanding the respondents to give notice, etc., and to hold the election for the officers of said board, on the third Tuesday of July, 1912. From the order and judgment of the court an appeal was prayed to this court to the October term, 1912, thus bringing the record here for review.

It will be observed from the above statement, that judgment was entered and the writ ordered to issue on the 25th day of June, 1912, and on the same day an appeal was prayed and granted to this court.

The order and judgment of the circuit court authorized the writ to issue, directed the respondents to perform certain duties, to-wit: give notice for the election to be held on the third Tuesday in July, 1912, appoint judges and clerks and make such other and further arrangements to hold an election for the election of president and trustees of the said Driveway and Park District as might be legal and necessary.

The appeal bond was filed on the 26th day of June, 1912, and the record was filed in this court on October 2, 1912. More than two months had elapsed, at this time, since the date fixed by the order and judgment of the court for the holding of the election in question.

If this court should affirm this order and judgment of the circuit court, it is not in the power of the court to enforce the judgment, that is, to compel the respondents to hold an election on the third Tuesday of July, 1912.

It is the settled rule of law, as applied in cases of mandamus, that courts will not award this peremptory writ where the right sought to be enforced has become a mere abstract right, the enforcement of which the court can see would be impossible, since no substantial or practical benefit could result to the petitioner.

In the case of the *People* v. *Kay*, 154 Ill. App. 233, in discussing this subject, the court said: "The prayer of the petition only relates to the election to be held on April 20, 1909. That period has passed. No mandamus can now issue to call that election in any particular manner. It is well settled that a peremptory writ of mandamus will not be awarded when the right sought to be enforced is an abstract right, the enforcement of which by some change of circumstances since the commencement of the suit can be of no substantial or practical benefit to the petitioners."

In *Gormley* v. *Day*, 114 Ill. 185, our Supreme Court, in discussing this question, use the following language: "It is a well recognized principle that courts, in the exercise of their jurisdiction in mandamus, will not award the peremptory writ where the right sought to be enforced is or has become a mere abstract right, the enforcement of which, by reason of some change of circumstances since the commencement of the suit, can be of no substantial or practical benefit to the petitioner."

The same rule is announced and recognized in the following cases: *Cristman* v. *Peck*, 90 Ill. 150; *People* v. *Rose*, 219 Ill. 46; *Kenneally* v. *City of Chicago*, 220 Ill. 485 and *Kendrick* v. *Wendel* 157 Ill. App. 540.

It appears to this court from the facts disclosed by

the record, that no good purpose could be served in case of an affirmance of the order and judgment of the circuit court.

The appeal in this case, is, therefore, dismissed.

*Appeal dismissed.*