(No. 10926.—Judgment affirmed.)

JAMES DONAHOE, Plaintiff in Error, *vs.* JOHN E. OWENS *et al.* Defendants in Error.

*Opinion filed February 21, 1917.*

1. APPEALS AND ERRORS—*when plea in bar to writ of error will be held good.* A plea in bar to a writ of error sued out to review a judgment dismissing a petition for *mandamus* to compel a canvassing board to declare the petitioner elected to office and to require the issuance to him of a certificate of election will be held good, where it appears therefrom that said writ of error was not sued out until a year and a half after the judgment, that the election board, after declaring the result of the election contrary to the claims of the petitioner, has ceased to exist and that the certificate of election was issued to another person, who is holding the office in accordance with the declared result.

2. SAME—*when plea in bar may be treated as a release of errors.* Where matters in bar of a writ of error exist which do not appear on the record returned they should be presented to the court either by a plea or by a motion to quash, and where the plea sets

up matters in the nature of a waiver or an estoppel it may be treated as a release of errors.

3. ELECTIONS—*a canvassing board has no power to re-convene and declare a different result.* A canvassing board having once canvassed the returns and declared the result of an election has no power or authority to re-convene and ascertain or determine any result other than the one declared by it and shown by the true election returns, signed by the judges and clerks of election.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

JAMES DONAHOE, *pro se.*

MILLER, GORHAM & WALES, for defendant in error Arnold Heap.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error filed in the circuit court of Cook county on December 3, 1913, his amended petition for *mandamus* against the canvassing board of elections of the city of Chicago, John E. Owens, judge of the county court of Cook county, John W. Beckwith, corporation counsel, and N. L. Piotrowski, city attorney of the city of Chicago, and Anthony Czarnecki, Charles H. Kellerman and Howard E. Taylor, election commissioners, Robert M. Sweitzer, county clerk of said county, and Arnold Heap, were also made parties defendant to the petition. The petition sets forth, in substance, that on November 3, 1913, there was held in the city of Chicago an election for ten associate judges of the municipal court of Chicago, and that said election was regular in all respects except as to the matter of women voters participating in said election; that at said election women voted for the various candidates for associate judge of said court and their votes were counted by the election judges of the various precincts in said city for the various candidates for whom said women pretended to vote; that the

said canvassing board canvassed the returns of the election, taking into consideration the total number of votes cast by men voters and the total number of women's votes cast at such election for said offices and added together the votes cast for the candidates by both men and women, and thus determined the ten candidates who secured the highest number of votes cast at such election, as shown by the election returns, to be the persons entitled to receive certificates of election for that office; that said canvassing board, unless directed to do otherwise by the court through a writ of *mandamus,* will do an illegal and unlawful act in declaring any person elected to one of said offices by adding the total number of women votes received by such candidate to the total number of men votes received by such candidate, unless it also appears that such candidate is also one of such ten candidates elected by men voters, as only men voters were legally qualified voters at said election; that the act of the Illinois legislature of June 26, 1913, purporting to give women of this State the right to vote for presidential electors and candidates for city officers, including municipal judges of the city of Chicago, is invalid because in contravention of article 7 of the constitution of the State of Illinois; avers that plaintiff in error was a qualified candidate for the office of associate judge of said court at said election, and that after said election, and before the canvassing board had finished canvassing the returns of said election, he made a demand in writing upon said board that it declare the result of such election by disregarding all votes cast by women for such office and that it grant certificates of election to the ten candidates having the highest number of men votes according to the returns, and that said board refuses to so do; that there were forty candidates at said election for said office,—ten, each, on the progressive, socialist, democratic and republican tickets; that no candidate on the progressive ticket received at said election more than 38,000 votes of men or more than 55,000

men and women votes; that no candidate on the socialist ticket received at said election more than 24,000 votes of men or more than 31,000 votes of men and women combined; that the democratic candidates, including plaintiff in error, and the republican candidates, as shown by the election returns and by the canvassing board, received at said election votes of men and women as shown by the following tabulation:

|  | Men | Women | Total |
|---|---|---|---|
| *Democratic*: |  |  |  |
| Dennis W. Sullivan......... | 128,297 | 44,287 | 172,584 |
| John Stelk................. | 130,441 | 46,593 | 177,034 |
| Frank H. Graham........... | 129,918 | 47,799 | 177,717 |
| Edmund K. Jarecki.......... | 123,548 | 42,963 | 166,511 |
| Joseph E. Ryan............. | 121,523 | 41,096 | 162,619 |
| James Donahoe............. | 119,443 | 40,089 | 159,532 |
| Michael E. Maher........... | 118,781 | 41,172 | 159,953 |
| James M. Slattery........... | 117,676 | 39,345 | 157,021 |
| Thomas J. O'Hare........... | 116,234 | 39,425 | 155,659 |
| Stanley S. Walkowiak....... | 114,266 | 38,564 | 152,830 |
| *Republican*: |  |  |  |
| Charles N. Goodnow......... | 132,644 | 54,287 | 186,931 |
| Joseph Z. Uhlir............. | 124,228 | 49,885 | 174,113 |
| Sheridan E. Fry............ | 123,434 | 49,621 | 173,055 |
| Samuel H. Trude............ | 122,241 | 48,984 | 171,225 |
| Arnold Heap................ | 115,579 | 45,447 | 161,026 |
| Hugh R. Stewart............ | 110,052 | 44,701 | 154,753 |
| Hosea W. Wells............ | 108,152 | 41,919 | 150,071 |
| Frederick Burnham.......... | 104,112 | 42,943 | 147,055 |
| Benjamin B. Morris......... | 95,556 | 34,569 | 128,135 |
| George E. Q. Johnson....,.... | 99,524 | 39,617 | 139,141 |

It is finally averred that the canvassing board presented its completed abstract of votes cast at said election to said Sweitzer, as county clerk, for filing, and that said Sweitzer, unless restrained from so doing, will issue a certificate of election to Arnold Heap and will refuse to issue a certificate of election to plaintiff in error, although plaintiff in error

277 — 21

is duly elected to said office, etc. The prayer is for a writ of *mandamus* to said Sweitzer and others, and that it be adjudged that plaintiff in error be relieved by writ of *certiorari* requiring the production of the records, etc. Defendants in error all filed demurrers to said petition, the demurrers were sustained and judgment was entered on the demurrers dismissing the petition at the cost of plaintiff in error on February 4, 1915. This writ of error was sued out to review the judgment of the circuit court on September 7, 1916.

The assignments of error charge that the court erred in sustaining the demurrers of the defendants in error to the amended petition and in entering the order dismissing the same; that the municipal court of Chicago is a court provided for by section 1 of article 6 of the constitution of 1870 and that the office of associate judge of said court is an office created or provided for by the constitution; that the court erred in refusing to rule that under the constitution the women have no right to vote for a candidate for said office, and in denying the relief prayed and in entering said judgment.

To the foregoing assignments of error the defendant in error Arnold Heap filed a plea in bar, setting forth, in substance, that subsequent to the time said judgment was rendered and prior to the suing out of this writ of error the plaintiff in error failed to perfect and prosecute his appeal from the said judgment of the circuit court, but, on the contrary, acquiesced in said judgment and suffered it to stand, without objection on his part, for over nineteen months and until the suing out of this writ of error; that he sought other relief by petition to contest the election of this defendant in error, filed in the superior court of said county as a cross-petition to an election contest petition filed by Hosea W. Wells December 23, 1914, and that the appeal of plaintiff in error from the order of the superior court is now pending before this court; that defendant in

error Heap during said period of nineteen months has occupied the office of judge of said municipal court, to which he was elected at said election, and has exercised all the duties and powers appertaining to said office; that he received his certificate of election to such office soon after plaintiff in error's petition for writ of *mandamus* was dismissed, and has received his commission as associate judge of said court from Edward F. Dunne, Governor of the State of Illinois; that the terms of office of John E. Owens, county judge, John W. Beckwith, corporation counsel, N. L. Piotrowski, city attorney, and Charles H. Kellerman, Anthony Czarnecki and Howard E. Taylor, election commissioners aforesaid, have expired, and they have all surrendered their offices to various successors and are now unable to perform the functions of said offices; that to award the writ of *mandamus* in this case would result in different persons holding certificates of election to the said office of associate judge and cause great confusion, etc., all of which things plaintiff in error well knew, "wherefore by his said delay he has released, waived and for naught held the said errors," etc.

Plaintiff in error filed a general and special demurrer to the said plea, the special causes set out being (1) that it cannot be sustained as the writ of error was issued within three years from the date of judgment; (2) the plea presents matter of estoppel *in pais* which, if pleadable, must be presented with the proper termination of a plea of estoppel; (3) it does not show that defendant in error Heap relied upon any conduct of or representations by plaintiff in error to his damage, and that the plea is double.

We are of the opinion that the plea of the defendant in error Heap is a good plea in bar of plaintiff in error's writ of error. The matter set up in the plea does not constitute what is technically known as a plea of release of errors. The allegations in this plea make a complete showing that plaintiff in error is not entitled to a review of the judg-

ment of the court on the merits. This is so because no actual controversy between the parties to this record can any longer exist as to the power or the duty of the circuit court, under the showing made in plaintiff in error's petition and admitted by the demurrer thereto, to compel by a writ of *mandamus* the issuance of a certificate of election to the plaintiff in error. If plaintiff in error ever had the right to compel the board by *mandamus* proceedings to issue him a certificate of election that right has forever gone. "A canvassing board having once counted the votes and declared the result according to law has no power or authority to make a re-count. When this duty is once fully performed it is performed once and forever and cannot be repeated." (McCrary on Elections, sec. 267.)

In *Bowen* v. *Hixon,* 45 Mo. 340, the court aptly says: "To suppose that it could be renewed—that the canvass of one day could be disputed the next and counter-certificates be issued to different contestants as new light or influence was brought to bear upon the minds of the clerk—would render the whole proceeding a farce."

It has also been held in the case of *Clark* v. *Buchanan,* 2 Minn. 346, that if the board of canvassers of an election, after canvassing the votes, adjourn without day, its power in the premises is at an end and it cannot re-assemble, and that a court by *mandamus* cannot compel it to re-assemble or give it any power in case of its so doing.

The same doctrine was also announced in *State* v. *Dunneworth,* 21 Ohio, 216, where it is held that the officers of an election board, after its regular dissolution, are *functus officio* and their subsequent acts in that character unauthorized. This court has practically held the same doctrine in *People* v. *Mottinger,* 212 Ill. 530. It was ruled in that case that a canvassing board of election is not one of permanent duration, and that when it has performed its duties once, whether well or ill, its official existence is gone. The holding in that case is applicable in this case. The canvass-

ing board mentioned in the petition of plaintiff in error had just one duty to perform in that election: to prepare an abstract of the vote as shown by the election returns, declare the result of the election and file a certified copy of the abstract with the county clerk. It had no power to ascertain or determine any result other than the one shown by the true election returns, signed by the judges and clerks of election. Jones & Add. Stat. chap. 46, art. 5.

Plaintiff in error, as above shown, has no longer an existing cause of action,—*i. e.,* if he ever had a right to have the canvassing board compelled, by *mandamus,* to declare a different result in said election and to issue him a certificate of election he has not such right now. This court will not decide questions that no longer exist, merely for the sake of making a precedent or of settling a simple matter of costs. *Wick* v. *Chicago Telephone Co. (post,* p. 338.)

The special grounds of demurrer as to the forms of the plea are waived because not argued. As the plea sets forth a substantial defense, plaintiff in error's demurrer should be overruled. When matters exist in bar of a writ of error which do not appear on the record returned they should be presented to the court either by a plea or by a motion to quash. (7 Ency. of Pl. & Pr. 869, 901; *Showers* v. *Showers,* 67 Am. Dec. [Pa.] 487.) The defense pleaded is in the nature of a waiver or an estoppel and may be treated as a release of errors. (*Corwin* v. *Shoup,* 76 Ill. 246.) The better practice is to plead such a defense and not to present it by motion.

For the foregoing reasons the demurrer to the plea will be overruled and the judgment affirmed.

*Judgment affirmed.*