The People of the State of Illinois ex rel. Robert E. Barbee, Defendant in Error, v. Edmund K. Jarecki et al., Defendants. James G. Coyle, Plaintiff in Error.

## Gen. No. 31,947.

1. MANDAMUS—*necessary party in proceeding to compel the holding of an election.* The candidate who received the greater number of votes at an aldermanic election should be made a party to a mandamus proceeding by the candidate having the lesser number of votes to require election officials to hold a supplemental election.

2. MANDAMUS—*intervention by candidate in proceeding by opposing candidate.* The candidate who received the greater number of votes at an aldermanic election should be granted leave to intervene in a mandamus proceeding by the candidate having the lesser number of votes to require election officials to hold a supplemental election.

3. MANDAMUS—*right of person not joined as party to file demurrers.* In mandamus by a candidate who received the lesser number of votes at an aldermanic election to require election officials to hold a supplemental election, the candidate who received the greater number of votes, but who was not made a party and whose petition to intervene has been denied, should be granted leave to file a general and special demurrer.

4. APPEAL AND ERROR—*right to appeal from denial of motions to intervene and demur in mandamus.* Leave should be granted to a candidate who received the greater number of votes at an aldermanic election to appeal from denial of motions for leave to intervene and to file a general and special demurrer in mandamus by the candidate having the lesser number of votes to require election officials to hold a supplemental election.

5. MANDAMUS—*not awarded to require holding of futile election.* A writ of mandamus will not be awarded to require election officials to hold a supplementary aldermanic election when the legal time for such election has long since passed.

Error by defendant to the Superior Court of Cook county; the Hon. WORTH E. CAYLOR, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1927. Reversed and judgment here dismissing relator's petition. Opinion filed January 18, 1928.

CHARLES A. WILLIAMS and HARRY S. DITCHBURNE, for plaintiff in error.

EARL C. HALES and JOHN J. SONSTEBY, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is a writ of error sued out by the plaintiff in error, James G. Coyle, who was elected alderman of the seventeenth ward in Chicago, which office the relator Barbee claimed. Coyle sought to be made a party to the relator's petition for mandamus, but his motion for that purpose was denied by the trial court. It is self evident that Coyle was an interested party and should have been in the first instance made a party to the proceeding.

This proceeding is analogous to the case of *People ex rel. Eaton v. Jarecki, post,* p. 628, the opinion of the court by Mr. Justice Wilson being handed down at the same time as this opinion.  In this case on this point the court adheres to its ruling in the *Eaton* case, *supra.*

The petition of Coyle for leave to intervene, and the denial thereof by the court, and the exception of Coyle to the court's ruling, appear in the record. Coyle then presented a special and general demurrer to the petition of relator and asked for leave to file the same, which the court likewise refused, and to which action of the court he likewise excepted.  He then prayed an appeal to this court from the foregoing denials of his motions, which the court also refused, which culminated in Coyle's suing out this writ of error.  All of the foregoing appears from the record before us.  The action of the court in all these matters was erroneous.

The bill of exceptions in the record was signed and sealed by the trial judge on the motion of Coyle, which is the only time any motion made on his behalf was heeded by the court.

Coyle in his petition set out, *inter alia,* that he possessed the necessary qualifications for alderman of the seventeenth ward, and that he was a candidate for said office at an election held under the so-called Nonpartisan Election Act on February 22, 1927, Cahill's St. ch. 24, ¶ 301 *et seq.,* at which he and Barbee were the only candidates whose names were on the ballot for such alderman; that Coyle received 6854 votes and Barbee 6706 votes, and that he, Coyle, was elected; that the abstract or statement of the canvassing board was filed in the county court of Cook county on March 4, 1927, and that he was declared elected according to law; that he has an interest in the office of alderman of the seventeenth ward, and the right to exercise its functions and to receive the emoluments thereof,

and that his term is to begin on or about April 16, 1927, etc.

The Nonpartisan Election Act, Cahill's St. ch. 24, ¶ 303, provides that in the event a candidate for alderman in any ward fails to obtain a majority of the number of votes cast for that office, there shall be a so-called supplementary election, which is to be held on the first Tuesday of the following April, which in 1927 was April 5.

In relator's petition for mandamus it apears that 337 ballots were either spoiled, defective or not cast for either candidate, and were not included in the totals credited to either candidate, and relator says that these ballots should have been counted for the purpose of determining which of the candidates had a majority of the *votes* cast.

As said by Mr. Justice Wilson in the *Eaton* case, *supra:*

"In the view this court takes of this action, it becomes unnecessary to discuss the rights of the trial court to direct by mandamus a retabulation of the returns of the canvassing board or to consider the question as to whether or not the 457 votes, referred to as cast, should be considered   *   *   * ; nor is it necessary for this court to consider that the proper tribunal to pass upon this election would be the City Council. It appears from the facts in evidence that the prayer of the petition is that the canvassing board be compelled to call a special election, pursuant to the statute, on April 5, 1927, for the purpose of affording relator an opportunity to again run at a supplementary aldermanic election to be held on that date by virtue of the provisions of the statute that requires such an election where no candidate has received a majority of the total votes cast."

The time for such an election has long since passed. Nothing could be obtained by the issuance of a writ of mandamus.

In the case of *People ex rel. Molchan v. City Council of City of Streator,* 258 Ill. 273, the court said:

"The rule has long been recognized in this court that the writ of *mandamus* will not be issued in any case where it will prove unavailing, fruitless or nugatory; that the court will not compel the doing of a vain and useless thing."

And this court said in *People ex rel. Willey v. Buck,* 181 Ill. App. 110:

"If this court should affirm this order and judgment of the circuit court, it is not in the power of the court to enforce the judgment, that is, to compel the respondents to hold an election on the third Tuesday of July, 1912.

"It is the settled rule of law, as applied in cases of mandamus, that courts will not award this peremptory writ where the right sought to be enforced has become a mere abstract right, the enforcement of which the court can see would be impossible, since no substantial or practical benefit could result to the petitioner.

"In the case of the *People v. Kay,* 154 Ill. App. 233, in discussing this subject, the court said: 'The prayer of the petitioner only relates to the election to be held on April 20, 1909. That period has passed. No mandamus can now issue to call that election in any particular manner. It is well settled that a peremptory writ of mandamus will not be awarded when the right sought to be enforced is an abstract right, the enforcement of which by some change of circumstances since the commencement of the suit can be of no substantial or practical benefit to the petitioners.' "

In consonance with the foregoing reasons the judgment of the superior court is reversed and a judgment dismissing the petition entered here.

*Judgment reversed and judgment here*
*dismissing relator's petition.*

TAYLOR, P. J., and WILSON, J. concur.