(Nos. 18534-18535.—Judgments affirmed.)

THE PEOPLE *ex rel.* Justus Chancellor *et al.* Appellants, *vs.*
ROBERT M. SWEITZER, County Clerk, *et al.* Appellees.

*Opinion filed February 24, 1928—Rehearing denied April 10, 1928.*

1. MANDAMUS—*writ will not issue where it is unavailing—elections.* The writ of *mandamus* will not issue to compel the doing of a useless thing or where it would prove unavailing, fruitless or nugatory, and judgments sustaining demurrers to petitions to compel the printing of the names of the petitioners on ballots for a certain election must be affirmed where the election has been held.

2. ACTIONS AND DEFENSES—*courts will not decide moot questions.* Courts will not decide questions that no longer exist, merely to make a precedent or to settle a question of costs.

APPEALS from the Circuit Court of Cook county; the Hon. HOSEA W. WELLS, Judge, presiding.

JAMES F. BISHOP, and JUSTUS CHANCELLOR, *pro sese,* (JOHN A. BROWN, of counsel,) for appellants.

ALFRED S. AUSTRIAN, DAVID F. ROSENTHAL, and URBAN A. LAVERY, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellants, Justus Chancellor, J. Scott Matthews and William Reeda, as relators, on May 26, 1927, filed their petition in the circuit court of Cook county against the county clerk and the board of election commissioners of the city of Chicago, respondents, praying for a writ of *mandamus* against the respondents commanding them to have printed on the official and sample ballots provided for the judicial election on June 6, 1927, under the title "Republican," the names of the petitioners as candidates for the offices of judges of the circuit court of Cook county, and no other names except the names of other candidates nominated by petitions filed in the office of the county clerk

in accordance with the law. On the same day Ambrose A. Worsley, James F. Bishop, Mark J. McNamara and Ode L. Rankin filed a similar petition in the same court against the same respondents, praying for a writ of *mandamus* commanding them to have printed on the official and sample ballots provided for the judicial election on June 6, 1927, under the title "Democratic," the names of the petitioners as candidates for the offices of judges of the circuit court of Cook county, and no other names except the names of other candidates nominated by petitions filed in the office of the county clerk in accordance with the law. The respondents demurred to the petitions and on the first day of June the demurrer was sustained to both petitions, and the petitioners electing to stand by their petitions the court entered judgment in each case that the respondents go without day and recover their costs. The petitioners have appealed. The causes were submitted and will be disposed of together.

The election has been held. A reversal of the judgments could result in no advantage to the petitioners and would subserve no useful purpose. They no longer have an existing cause of action. If they ever had the right to have the ballots printed in accordance with their demand they have no such right now. The writ of *mandamus* will not issue to compel the doing of a useless act or one which would prove unavailing, fruitless or nugatory. (*Cristman* v. *Peck*, 90 Ill. 150; *Gormley* v. *Day*, 114 id. 185; *People* v. *City of Streator*, 258 id. 273.) The court will not decide questions that no longer exist merely to make a precedent or settle a question of costs. *Donahoe* v. *Owens*, 277 Ill. 318; *Wick* v. *Chicago Telephone Co.* id. 338.

The judgments are affirmed.        *Judgments affirmed.*