(No. 21755.—

J. Edward Jones, Appellant, vs. Ray F. Clark et al. Appellees.

*Opinion filed February 23, 1934—Rehearing denied April 4, 1934.*

J. Edward Jones, *pro se,* (Cornelius J. Harrington, and John F. Tyrrell, of counsel,) for appellant.

Frederick W. Pringle, and Ode L. Rankin, (H. L. Fearing, of counsel,) for appellees.

Mr. Justice DeYoung delivered the opinion of the court:

J. Edward Jones filed a petition in the superior court of Cook county against the trustees and the clerk of the village of Oak Park for a writ of *mandamus* commanding a canvass of the returns and a declaration of the result of an election for judge and clerk of the municipal court of that village, alleged to have been held on November 8, 1932. The respondents filed demurrers to the petition; the demurrers were sustained, and the petition was dismissed. From that judgment the petitioner prosecutes this appeal,

the trial court having certified that the validity of a municipal ordinance is involved in the case, and that the public interest requires a direct appeal to this court.

The village of Oak Park was organized under the Cities and Villages act. According to the Federal census taken in 1930, the village had approximately 64,000 inhabitants. An act entitled "An act in relation to municipal courts in cities and villages," approved June 26, 1929, (Cahill's Stat. 1931, p. 973; Smith's Stat. 1931, p. 967), authorized the establishment of a municipal court in any city or village of the State having a population of not less than 15,000, nor more than 500,000. Pursuant to the provisions of this act, a petition was presented at a regular meeting of the board of trustees of the village on March 2, 1932, asking that the proposition to establish such a court be submitted to the legal voters of the village at either of the elections to be held on April 5 and April 12, 1932, or at a special election to be called for that purpose. At a meeting held on March 16, 1932, the board of trustees adopted a resolution to submit the proposition to the voters of the village at the election fixed for April 12, 1932. The result of the election was 8791 votes for, and 6787 votes against, the proposition. The board of trustees canvassed the returns and on April 16, 1932, declared the result of the referendum. Subsequently on June 15, 1932, the board of trustees passed an ordinance which provided, among other things, for the establishment of the municipal court of Oak Park and the election of a judge and a clerk of the court at the municipal election in April, 1933.

The appellant charges in his petition that the act approved June 26, 1929, required the election of a judge and a clerk of the municipal court of Oak Park at the first general or municipal election held in the village after the referendum on April 12, 1932; that the election of November 8, 1932, was such an election and that, notwithstanding the refusal of the village clerk to provide separate

ballots, a judge and a clerk of the court were elected on that day; that returns of the election were made and transmitted to the village clerk; that, disregarding their duty in that behalf, the trustees of the village refused to canvass the returns and declare the result of the election, and that he, the appellant, an elector qualified for the office, believes he was elected judge of the municipal court of Oak Park on November 8, 1932.

During the pendency of this appeal, the legal voters of the village of Oak Park, at an election called for the purpose, by a majority of all the votes cast upon the proposition, abandoned the municipal court of the village. As the consequence, the court was never organized and no person ever exercised the powers or performed the duties of judge or clerk of the court.

Section 50 of the act in relation to municipal courts in cities and villages, approved June 26, 1929, provides that a municipal court, once established, may be abandoned by the method prescribed for its establishment. The legal voters of the village of Oak Park, by the exercise of this power, decided to abandon or terminate the municipal court they had theretofore authorized or established. The office of judge of the municipal court of the village is non-existent; and the appellant seeks to enforce what has become merely an abstract right. The reversal of the trial court's judgment will afford him no advantage and such a result can serve no useful purpose.

The writ of *mandamus* is not granted as a matter of absolute right. It will be denied when it would compel the performance of an act manifestly unavailing, fruitless, or nugatory. (*People* v. *Sweitzer,* 339 Ill. 28; *People* v. *Sweitzer,* 329 id. 380; *People* v. *Burke,* 274 id. 55; *People* v. *City of Streator,* 258 id. 273; *Kenneally* v. *City of Chicago,* 220 id. 485; *Illinois Watch Case Co.* v. *Pearson,* 140 id. 423; *Ohio and Mississippi Railway Co.* v. *People,* 120 id. 200; *Gormley* v. *Day,* 114 id. 185; *Cristman* v.

*Peck,* 90 id. 150; *People* v. *Lieb,* 85 id. 484). Courts will not award the writ where the right sought to be enforced has become an abstract one, and its enforcement, by reason of the occurrence of an event subsequent to the commencement of the suit, can be of no practical benefit to the petitioner. (*Heitmuller* v. *Stokes,* 256 U. S. 359; *Mills* v. *Green,* 159 id. 651; *People* v. *Sweitzer,* 329 Ill. 380; *People* v. *Burke, supra; Gormley* v. *Day, supra; Cristman* v. *Peck, supra*). A court of review will dismiss an appeal where facts are disclosed which show that only moot questions or abstract propositions are involved. (*Heitmuller* v. *Stokes, supra; Mills* v. *Green, supra; Wick* v. *Chicago Telephone Co.* 277 Ill. 338). Issues that have ceased to exist will not be adjudicated solely for the purpose of establishing a precedent or determining the question of costs. *People* v. *Sweitzer,* 329 Ill. 380; *Wick* v. *Chicago Telephone Co. supra; Donahue* v. *Owens,* 277 Ill. 318.

The appeal is dismissed. *Appeal dismissed.*