## Lindsey Corbly, Defendant in Error, v. Lida Corbly and Fred M. Corbly.  Lida Corbly, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court· of Ford county; the Hon. JOHN H. GILLAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing denied July 2, 1917.

### Statement of the Case.

Action of forcible entry and detainer by Lindsey Corbly, plaintiff, against Lida Corbly and Fred M. Corbly, defendants. From a judgment for plaintiff, defendant Lida Corbly brings error.

KERR & LINDLEY and SCHNEIDER & SCHNEIDER, for plaintiff in error.

DOBBINS & DOBBINS, ACTON & ACTON and OSCAR H. WYLIE, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. CONTINUANCE, § 21*—*when motion for on ground of ill health of defendant is properly denied.* A motion for continuance based on the ground that the health of one of two defendants was such as to render it inadvisable for her to attend the trial as a witness is properly denied within the discretion of the court, where there is no sufficient showing as to when her health is likely to be such as to warrant her in appearing in court, or of any diligence in securing her deposition between the date when the case was first continued and the date to which it was then continued, or of any reason why the same was not taken, or of why it would not have been satisfactory.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. CONTINUANCE, § 31*—*discretion of court.* A motion for a continuance on the ground of ill health of a party defendant is addressed solely to the discretion of the trial judge.

3. APPEAL AND ERROR, § 1350*—*when exercise of discretionary power by court is not error.* The exercise of a discretionary power by a court is never error unless it is clearly abused.

4. CONTINUANCE, § 49*—*when affidavit for is insufficient.* An affidavit for a continuance because of the ill health of one of two party defendants, showing that the instrument sued on is a forgery and that no one can testify as to such fact except such defendant, is insufficient where the plea of defendant is not verified, as under section 52 of the Practice Act (J. & A. ¶ 8589), providing that no person shall be permitted to deny the execution of an instrument in writing sued on unless he shall verify his plea by affidavit, such party would not have been allowed to testify that the instrument was a forgery if she had been in court.

5. LANDLORD AND TENANT, § 473*—*when no notice to quit or demand for rent is necessary.* Where a tenant claims title adverse to his landlord, no notice to quit or demand for rent is necessary before bringing suit to dispossess him.

6. LANDLORD AND TENANT, § 474*—*when notice or demand for rent is sufficient.* Where notice of the landlord's election to terminate the tenancy for nonpayment of rent and for immediate possession is given, no other notice or demand for rent is necessary before beginning an action of forcible entry and detainer.

7. TRIAL, § 198*—*when direction of verdict for plaintiff is proper.* There is no error in instructing a jury in a forcible entry and detainer action to find the issues for plaintiff where all the essential elements necessary to plaintiff's right of recovery are proven and uncontroverted.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.