First National Bank of Jonesboro, Illinois, Appellee, v. Road District No. 8, Union County, Illinois, Appellant. Clear Creek Drainage and Levee District, Union and Alexander Counties, Illinois, et al., Appellees.

term, 1942. Heard in this court at the May Opinion filed February 28, 1944. Rehearing denied May 23, 1944.

Paul D. Reese, of Jonesboro, for appellant.

R. Wallace Karraker, of Jonesboro, for certain appellees.

Ford L. Rendleman, of Jonesboro, for certain other appellees.

Mr. Justice Stone delivered the opinion of the court.

This is a suit in equity brought by the First National Bank of Jonesboro, Illinois, a corporation, plaintiff appellee against Road District No. 8, Union County, defendant appellant, and the Clear Creek Drainage and Levee District, Union and Alexander Counties, the Preston Levee and Drainage District, Union County, Road District No. 10, Union County, and Road District No. 11, Union County, defendants appellees, to determine what disposition should be made of the sum of $3,521.48 in the First National Bank of Jonesboro, in an account entitled "Road District No. 8, Drainage Fund."

In its second amended complaint, plaintiff appellee alleged that the bank was a taxpayer of appellant, Road District No. 10, that in 1915 and 1916, appellant levied taxes in the respective sums of $2,500 and $1,500, for "ditching to drain roads" and that such sums were duly collected from the taxpayers of appellant, including plaintiff; that at the time these taxes were levied the defendant Drainage Districts and the Miller Pond Drainage District, not being a party hereto, had been organized in the Mississippi Bottoms and that each of such Drainage Districts included within their territories lands at that time within the boundaries of Road District No. 8; that the Miller Pond Drainage District and each of defendant Drainage Districts had levied assessments against appellant for benefits to some of its roads occasioned by certain drainage improvements in each of such Drainage Districts, which assessments

had been confirmed against said Road District No. 8
by the proper court; that it, and said Road District No. 8
had paid all the assessments levied against it by the
Miller Pond Drainage District and had partially paid
those levied against it by the defendant Drainage Dis-
tricts, leaving an unpaid balance on such assessments
due respectively, to defendant Drainage Districts,
which were existing judgments against Road District
No. 8; that at the time said moneys were levied and
collected the officers of said Road District No. 8 segre-
gated said funds and placed them on deposit in the
plaintiff bank on June 9, 1920, in the amount of
$2,124.19, in a special fund, entitled "Drainage Fund"
that said fund has remained on deposit from thence
hitherto until now, except for the addition thereto of
the sum of $1,397.29, as interest paid by the bank, so
that the total amount in said fund is now $3,521.48, and
that at the time of the levy and collection of said taxes,
the said Road District No. 8, included within its bound-
aries all of the lands and territory in Township 12,
South, Ranges 2, 3, and 4, West of the 3rd P. M.

Said amended complaint further alleged that in De-
cember 1919, the County Board of Union County cre-
ated Road District No. 10, defendant appellee, and that
certain territory was thereby detached from Road Dis-
trict No. 8 and incorporated within the boundaries of
said new Road District No. 10; that in March 1920, the
County Board of Union County created Road District
No. 11, defendant appellee, and that certain territory
was thereby detached from said Road District No. 8
and incorporated within the boundaries of said Road
District No. 11; that said Road District No. 8, appel-
lant herein has brought a suit at law, in the circuit
court of Union county against plaintiff wherein appel-
lant seeks to recover the said sum of $3,521.48, from
the plaintiff, and that said appellant proposes to take
said funds received from the taxes levied and collected
as aforesaid and use the same for the general purposes

of appellant as the same is now constituted and refuses to pay any part of the aforesaid drainage assessments, and unless the court intervenes, would divert said funds from the purpose for which levied and use the same in fraud of the rights of the taxpayers and in violation of the law and its trust in regard thereto.

The prayer of the second amended complaint was that a temporary injunction be issued restraining the appellant and its officers from disturbing said funds until the final disposition of the cause; prayed each of the defendant Drainage Districts, Road Districts 10 and 11 and the appellant be made defendants thereto and required to answer; that an accounting might be had as to the exact amount due from appellant to each of defendant Drainage Districts; that on a final hearing hereof, appellant and its officers be permanently enjoined from using said funds for any purpose except that for which they were levied and collected and that said suit at law be permanently enjoined and dismissed.

There followed a maze of voluminous pleading, which resulted eventually in the parties going to trial, upon the second amended complaint certain counterclaims of Road District No. 8, and on counterclaims of Road Districts 10 and 11, said counterclaims being based on judgments obtained by the Drainage Districts against Road District No. 8.

Upon a hearing by the court, final decree was filed October 21, 1941, which found the allegations of the second amended complaint to be true, fixed the amount due said Clear Creek Drainage and Levee District at $1,828.17 and Preston Levee and Drainage District at $1,395.64 (no penalties being included, as not requested by said districts) Road District No. 10, $531.39, and Road District No. 11, $1,002.06, that the total exceeded the amount of the fund in question, that after the payment of court costs the fund be apportioned to these parties. From this decree, appellant prosecuted its

appeal to the Supreme Court, thence being transferred to this court.

In a brief of 264 pages appellant alleges 42 errors relied upon for reversal of the finding, orders, judgments and decrees of the trial court, the first 15 of which assignments of error attack the rulings of the court made on questions of law raised by the pleadings.

On November 12, 1941, appellant filed motion for supersedeas without bond, in the trial court, on the grounds that it was a quasi-municipal corporation, to which appellees objected, basing their objection on the ground that such proposed appeal was a personal venture of appellant's attorney, to which appellant replied, denying such allegation. The court thereupon denied the motion of appellant for supersedeas without bond, which action of the court is one of the many assignments of errors alleged herein. Subsection 3 of section 82, Civil Practice Act; Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.082], provides, that where an appeal is taken by a municipal corporation, the trial of reviewing court, or any judge thereof may without requiring any bond to be given order that the appeal shall operate as a supersedeas. In the case of *People ex rel. Dilks v. Board of Education,* 283 Ill. App. 378, the court said, "When an appeal is prosecuted by a public, municipal, governmental or quasi-public corporation the trial or reviewing court may without requiring any bond to be given order that the appeal shall operate as a supersedeas. . . . It is just as necessary to give notice and have an order entered by the trial court that the appeal shall operate as a supersedeas without requiring any bond to be given as it is to give notice and give and file a bond and have the same approved by an order of the trial court in order that the notice of appeal shall operate as a supersedeas. The word 'may' as used in subsection 3 of section 82 of the Civil Practice Act, makes the waiving of a bond discretionary with the court." The allowance or refusal of mat-

ters of discretion, lodged by law with trial courts, will not be disturbed by an appellate court unless the record discloses that the exercise of such discretion has been abused. *Anderson Transfer Co. v. Fuller,* 174 Ill. 221; *City of Springfield v. McCarthy,* 79 Ill. App. 388; *Corbly v. Corbly,* 206 Ill. App. 527; *McMahan v. Trautvetter,* 305 Ill. 395; *People ex rel. Kessinger v. Burrell,* 308 Ill. 600. We are not inclined to hold that the court abused its discretion in this respect.

The record discloses no further attempt to have bond fixed or to obtain supersedeas. It appears from the statement, in the brief of appellee, that subsequent to the entry of the decree by the trial court, the appellee bank, after demand made by the attorney for road district appellee, made distribution as provided in said decree, filed report thereof, which report was set for hearing and notice given all parties, including attorney for appellant; that on hearing such report was approved and appellee bank discharged. These facts are not denied, but the sufficiency thereof are challenged in the reply brief of appellant.

Where a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved, it will dismiss the appeal or writ of error and will not review the cause merely to decide moot questions or to set a precedent for future decisions, as the duty of judicial tribunals is limited to determining rights of person or of property actually controverted in the particular case before it. *National Jockey Club v. Illinois Racing Commission,* 364 Ill. 630; *Chaitlen v. Kaspar American State Bank,* 372 Ill. 83; *Wick v. Chicago Tel. Co.,* 277 Ill. 338; *Sobieski v. City of Chicago,* 325 Ill. 259; *People v. Sweitzer,* 329 Ill. 380; *Wingert v. First Nat. Bank,* 223 U. S. 670; *People v. Village of Oak Park,* 356 Ill. 154; *Tuttle v. Gunderson,* 341 Ill. 36; *Lesher v. Lesher,* 250 Ill. 382; *State Bank of St. Charles v. Burr,* 372 Ill. 114. This is so, even though such facts do not appear in the record.

*Wick v. Chicago Tel. Co., supra; People v. Sweitzer, supra; People v. Village of Oak Park, supra; Jones v. Clark,* 355 Ill. 527.

In the case of *Draper v. Hoops,* 135 Ill. App. 388, the court at page 393, said, ''It is urged that the court erred in overruling the motion of plaintiff for continuing the lien of the attachment writ and directing the sheriff to retain possession of the property levied upon pending appeal, and in argument it is stated that soon after the attachment was quashed, defendant sold the stock of goods. If this be true, the question thus presented is purely academic and should we hold that the court erred in refusing this request it would be idle and useless, because the sheriff could not repossess himself of the property attached. The discussion of a question which is purely academic and not practical will not be indulged by court of appeal, as such courts exist for the disposition of real questions and not mooted ones. *Zaccone v. Halverson,* 92 Ill. App. 661; *Kelley v. Mass. Mutual Ins. Co.,* 46 Ill. App. 460; *Loven v. People,* 46 Ill. App. 306.''

The main issue involved in the instant suit when it was begun has no longer an existence. The primary purpose of the suit was the distribution of the funds in the hands of the bank. After decree, no supersedeas having been granted, and the trial court therefore retaining jurisdiction, the bank made distribution of such funds, in accordance with the terms of the decree. It would be an idle ceremony now, for this court, to order distribution of those funds upon any other theory. This leaves merely a question of costs in the case. When there is no real question involving actual interests and rights for a reviewing court to consider, the court should not be compelled to review a case merely for the purpose of determining who ought to pay the costs of the suit. *Wick v. Chicago Telephone Co., supra.* The appeal will be dismissed.

*Appeal dismissed.*