**UNITED STATES v. A CERTAIN PARCEL OF LAND WITH BUILDINGS THEREON KNOWN AS HOTEL BUCKMINSTER, IN CITY OF BOSTON, et al.**

Civil Action No. 6581.

District Court, D. Massachusetts.

June 13, 1944.

Edmund J. Brandon, U. S. Atty., and Philip P. A. O'Connell, Sp. Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

William H. Kerr, Samuel S. Dennis, Asst. Corp. Counsel, and Robert H. Hopkins, Corp. Counsel, of Boston, Mass., for City of Boston.

Richardson, Wolcott, Patten & Bennett and G. K. Richardson, all of Boston, Mass., for John Hancock Mut. Life Ins. Co.

Frank J. Murray, Asst. Corp. Counsel, and Edward E. Cohen, both of Boston, Mass., for Carlton Hotel, Inc., and Thomas J. Casey, trustee, and Merritt Thompson, Collector of Taxes for City of Boston.

J. C. Johnston, of Boston, Mass., for Thomas J. Casey, trustee Carlton-Hotel, Inc.

Hirsh Freed, of Boston, Mass., for Merritt Thompson, Collector of Taxes for City of Boston.

William E. Bennett, of Boston, Mass., for Fidelity & Deposit Co. of Maryland.

HEALEY, District Judge.

By this petition, the Collector of Taxes for the City of Boston seeks the distribution to him of the amount due for certain real estate taxes assessed against property now occupied by the United States Government under a taking for a term of years, and the charges due for water used prior to such occupancy.

The facts are agreed, and are as follows:

"The provisions of Mass.Gen.Laws [Ter. Ed.] c. 40, §§ 42A to 42F inclusive, the so-called Water Lien Statute, have been applicable to the City of Boston since September 12, 1923 when the City Clerk of the City of Boston filed with Suffolk Deeds, Book 4486, Page 630, a certificate of the vote of the City Council of Boston passed on September 10, 1923 and approved by the Mayor of Boston on September 11, 1923 accepting the same.

"The City of Boston acting through the Water Division of its Public Works Department supplied water to the real estate at 645 Beacon Street, corner of Brookline Avenue, Boston, from October 3, 1941 to September 1, 1942, at the request of the owner, Carlton Hotel, Inc.

"Bills for the water so supplied were rendered periodically to Carlton Hotel, Inc. as follows:

| Period Covered | Quantity Used | Amount of Bill | Due Date |
|---|---|---|---|
| Oct. 3, 1941– Jan. 9, 1942 | 383,000 cu. ft. | $611.36 | Feb. 15, 1942 |
| Jan. 9, 1942– April 9, 1942 | 340,000 cu. ft. | 545.00 | May 15, 1942 |
| April 9, 1942– July 3, 1942 | 338,000 cu. ft. | 541.84 | Aug. 15, 1942 |
| July 3, 1942– Sept. 1, 1942 | 228,000 cu. ft. | 368.04 | Nov. 16, 1942 |

"The aforesaid water rates have never been paid.

"On February 12, 1943 the officer in charge of the water department of the City of Boston, namely, the Commissioner of Public Works, filed for record with Suffolk Deeds, Book 6030, Page 1, the statement required under Mass.Gen.Laws (Ter. Ed.) c. 40, § 42B, as amended by Mass.St. 1941, c. 380, § 2, to perfect the lien for the aforesaid unpaid water rates; and thereupon there was added to the total thereof the sum of one dollar as provided by Mass. Gen.Laws (Ter.Ed.) c. 40, § 42D, as amended by Mass.St.1941, c. 380, § 4.

"On June 1, 1943, when the Assessors of the City of Boston (hereinafter called the Assessors) were preparing the next real estate tax list and warrant to be committed by them under Mass.Gen.Laws (Ter. Ed.) c. 59, § 53, after said February 12, 1943, the Commissioner of Public Works certified the aforesaid unpaid water account to the Assessors. Thereupon the Assessors forthwith added such account to the real estate tax on the property at 645 Beacon Street, corner of Brookline Avenue, Boston, and committed it as a part of such tax on the date hereinafter stated, with their warrant, to the Collector of Taxes for the City of Boston.

"In their annual valuation list for the year 1942 the Assessors included the real estate at 645 Beacon Street, corner of Brookline Avenue, Boston, at a valuation of $325,000, and duly assessed to Carlton Hotel, Inc. on such real estate a tax of $13,325 as of January 1, 1942. Thereupon on June 16, 1942, the Assessors committed their annual tax list (which included the aforesaid tax of $13,325) with their warrant to the Collector of Taxes for the City of Boston. On November 2, 1942 the sum of $9,360 was paid on account of said tax. On February 9, 1943, in accordance with Mass.Gen.Laws (Ter.Ed.) c. 60, § 16, due demand was made upon the Carlton Hotel, Inc. for the payment of said balance of $3,965, together with interest thereon and the costs relative thereto; but the balance of $3,965, together with interest thereon and costs relative thereto, remains unpaid.

"In their annual valuation list for the year 1943 the Assessors included the real estate at 645 Beacon Street, corner of Brookline Avenue, Boston, at a valuation. of $325,000, and duly assessed as of January 1, 1943 to the John Hancock Mutual Life Insurance Company on such real estate a tax of $13,325 and added thereto, as aforesaid, the aforesaid unpaid water account of $2,067.24, making a total tax of $15,392.24. Thereupon on June 14, 1943 the Assessors committed their annual tax list (which included the aforesaid tax of $15,392.24) with their warrant to the Collector of Taxes for the City of Boston. On January 31, 1944, in accordance with Mass.Gen.Laws (Ter.Ed.) c. 60, § 16, due demand was made upon the John Hancock Mutual Life Insurance Company for the payment of said tax of $15,392.24, together with interest thereon and costs relative thereto; but the said tax of $15,392.24, together with interest thereon and costs relative thereto, remains unpaid."

The amounts due may be thus summarized:

### 1942 Tax

| | |
|---|---|
| 1942 Real Estate Tax Assessed to Carlton Hotel, Inc. | $13,325.00 |
| Credit Payment on November 2, 1942 | 9,360.00 |
| Balance | 3,965.00 |
| Fee for demand (see Mass. General Laws (Ter.Ed.) c. 60, § 15) | .35 |
| Interest on $3,965.00 at 4% under Mass. General Laws (Ter.Ed.) c. 59, § 57, as amended St.1941, c. 258, § 1, from October 1, 1942 to May 15, 1944 | 257.24 |
| Total | $ 4,222.59 |

Additional Interest: 43½¢ per day)

### 1942 Water

| | |
|---|---|
| 1942 Water Bills (Added to 1943 Tax) for Water Supplied from October 3, 1941 to September 1, 1942 (including $1 lien charge under Mass. General Laws (Ter.Ed.) c. 40, § 42D, as amended by St.1941, c. 380, § 4) | $ 2,067.24 |
| Interest at 4% under Mass. General Laws (Ter.Ed.) c. 59, § 57, as amended St.1941, c. 258, § 1, from October 1, 1943 to May 15, 1944 | 51.43 |
| Total | $ 2,118.67 |

(Additional Interest: 22½¢ per day)

68

## 1943 Tax

1943 Real Estate Tax Assessed to John Hancock Mutual Life Insurance Company ........ $13,325.00

Fee for demand (see Mass. General Laws (Ter.Ed.) c. 60, § 15) ...................... .35

Interest at 4% under Mass. General Laws (Ter.Ed.) c. 59, § 57, as amended St.1941, c. 258, § 1, from October 1, 1943 to May 15, 1944.............. 331.48

Total ............... $13,656.83

(Additional Interest: $1.46 per day)

Recapitulation of Amounts Due May 15, 1944

| | |
|---|---|
| 1942 Tax .............. | $ 4,222.59 |
| 1942 Water ........... | 2,118.67 |
| 1943 Tax .............. | 13,656.83 |
| Grand Total .......... | $19,998.09 |

(Additional Interest: $2.12 per day)

The petition is opposed by the first mortgagee, John Hancock Mutual Life Insurance Company.

It is provided by U.S.C.A.Tit. 40, § 258a that, in proceedings of this nature, "the court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable."

■ It must first be determined whether or not a lien exists. This depends, of course, on Massachusetts law.

■■ Under Massachusetts law, real estate taxes are liens paramount to any mortgage on the real estate. General Laws of Massachusetts (Ter.Ed.) c. 60, § 37; Wiggin v. Lowell Five Cents Savings Bank, 299 Mass. 518, 521, 13 N.E.2d 433. This is true also of water charges. General Laws of Massachusetts (Ter.Ed.) c. 40, §§ 42A, 42B, as amended by St.1941, c. 380, §§ 1, 2; Mechanics Savings Bank v. Collector of Taxes, 299 Mass. 404, 12 N.E.2d 852.

The next question is whether or not the taking by the Government of a term for years affects the City's lien or prevents this Court from ordering the payment of the taxes and water charges to the City of Boston.

John Hancock Mutual Life Insurance Company contends:

(1) That, by the failure of the City of Boston to appeal from the order of this Court ordering the $34,945 deposited in the Registry of the Court for use and occupancy by the United States Government for the term ending June 30, 1943, turned over to the Trustee in Reorganization, the City waived its right to any lien which might have existed;

(2) That, although the City had a lien for 1942 real estate taxes at the time of the taking, it had no lien for the water charges, and could acquire none because of the provisions of U.S.C.A., Tit. 11, § 548;

(3) That under Massachusetts law, even if it possesses a lien for taxes, it cannot reach the condemnation fund; and

(4) That the City cannot avail itself of the provisions of U.S.C.A., Tit. 40, § 258a, but can only proceed in conformity with the condemnation law of Massachusetts.

The contentions will be considered in order.

■ 1. I am unable to see any merit in the contention that the City of Boston, by its failure to appeal from the order disbursing the $34,945, waived or lost its lien. The lien, in my opinion, was on the property itself, and not on the $34,945 deposited in the Registry. Certainly, if that were a suit by a private individual against a property owner for all rents collected during the year, it could not be contended that the City, by its failure to intervene or appeal a judgment adverse to the landowner, waived any lien which it may have had. It would seem that there is no difference in principle between the hypothetical case and the present one. Nor is there any language in the opinion of the Circuit Court of Appeals of November 29, 1943, John Hancock Mut. Life Ins. Co. v. Casey, 1 Cir., 139 F.2d 207, affirming the order of disbursement to the Trustee, which would indicate that the City waived any lien it might have had. The Circuit Court of Appeals in that opinion, 139 F.2d at page 210, said:

"Since we are affirming the order, it becomes unnecessary for us now to consider the standing of the city's claim for taxes."

■ 2. U.S.C.A., Tit. 11, § 548, provides that, "until otherwise ordered by the judge, an order approving a petition [for reorganization] shall operate as a stay

\* \* \* of any act or other proceeding to enforce a lien against the debtor's property." From this, it is argued that the recording of the notice of lien by the City is of no effect. The recording of the notice of lien did not, in my opinion, constitute "any act or other proceeding to enforce a lien," but rather established or perfected the lien. I do not feel that Congress intended, by section 548, to stay or prevent the establishment or perfection of a lien.

█ The first mortgagee has not specifically argued that section 548 forbids the distribution of monies under U.S.C.A., Tit. 40, § 258a. However, since such a contention, if valid, would prevent me from disbursing money to the City of Boston, it might be well to dispose of it. I am of the opinion that a disbursement under section 258a would not be an enforcement of the lien as such, but rather the payment of taxes and charges secured by a lien, or an order "in respect of \* \* \* liens, \* \* \* taxes, \* \* \* and other charges." Furthermore, since interest is accruing, the payment of these taxes and charges will benefit the estate and all interested in the estate and the mortgaged property. See opinion in John Hancock Mutual Life Insurance Company v. Casey, 139 F.2d at pages 209, 210.

█ 3. In support of its third and fourth contentions, John Hancock Mutual Life Insurance Company relies on U.S.C.A., Tit. 40, § 258, U.S.C.A., Tit. 50, § 171, General Laws of Massachusetts (Ter. Ed.) c. 79, § 44A, as amended by St.1936, c. 137, and Collector of Taxes v. Revere Building, Inc., 276 Mass. 576, 177 N.E. 577, 79 A.L.R. 112.

It is sufficient to say that the United States Code Annotated provisions cited relate only to the forms and methods of procedure which the federal court is required to adopt, and in no way affect the substantive rights of the parties. It follows that, once it is established that taxes, liens or charges exist, Section 258a of Title 40 becomes applicable. See generally United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336.

Having established that this court has the power to act under U.S.C.A., Tit. 40, § 258a, the only remaining question is what action is to be taken.

█ Whether these monies in the Registry be strict condemnation monies or monies in the nature of rent for use and occupancy by the Government, it seems that, under Section 258a, the distribution to the City should be made, particularly since interest on the taxes is accruing.

I find nothing in any of the opinions of the Circuit Court of Appeals in the litigation between the John Hancock Mutual Life Insurance Company and the Trustee of Carlton Hotel, Inc., which militates against such a disbursement. In fact, in John Hancock Mutual Life Insurance Company v. Casey, 139 F.2d at page 210, the Circuit Court of Appeals said with regard to the payment of arrears due on a mortgage to the appellant in that case:

"Such a disbursement would be within the discretion of the District Court in reorganization proceedings. It would not be dealing with the funds as general assets but, rather, a recognition of the lien of the mortgagee."

The City of Boston has a lien paramount to the mortgage held by John Hancock Mutual Life Insurance Company. It seems quite clear to me that if, as stated by the Circuit Court of Appeals, payment could be made on the mortgage in the reorganization proceeding, payment of the taxes may be made in the condemnation proceedings, particularly in view of Section 258a.

The petition of the Collector of Taxes for the City of Boston for partial disbursement is granted, and an order shall be drawn accordingly.