**In the Matter of Onofre J. SOTELO and Naomi Sotelo, Bankrupts.**

**No. 76–1429.**

United States Court of Appeals, Seventh Circuit.

Heard Dec. 3, 1976.

Decided March 24, 1977.

Bruce L. Balch, Rock Island, for appellant.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., Gilbert E. Andrews, Chief, Appellate Section, Dept. of Justice, Washington, D. C., Donald B. Mackay, U. S. Atty., Springfield, Ill., Robert J. Kauffman, Asst. U. S. Atty., Peoria, Ill., for appellee.

Before BAUER and WOOD, Circuit Judges, and GRANT, Senior District Judge.*

BAUER, Circuit Judge.

Appellant Onofre J. Sotelo contends that the district court erred in not discharging in bankruptcy a liability imposed upon him under 26 U.S.C. § 6672 for failing to account to the government for taxes withheld from the wages of the employees of the corporation of which he was chief executive officer. The question on review is whether the liability is a nondischargeable tax or a dischargeable penalty.

Sotelo does not challenge his liability under 26 U.S.C. § 6672.[1] He only argues that the liability should have been discharged by his personal bankruptcy petition. Sotelo bases his argument on Section 17 of the

Bankruptcy Act, 11 U.S.C. § 35, which provides in pertinent part:

"§ 35. ❋ *Dischargeability of debts— Debts not affected by discharge*

(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy: *Provided, however,* That a discharge in bankruptcy shall not release a bankrupt from any taxes . . . (e) which the bankrupt has collected or withheld from others as required by the laws of the United States or any State or political subdivision thereof, but has not paid over. . . . "

The Bankruptcy Judge proved and allowed Sotelo's liability. The liability thus is dischargeable under Section 17 unless it is a "tax . . . legally due and owing by the bankrupt to the United States." Sotelo maintains that his liability cannot be a nondischargeable "tax" because 26 U.S.C. § 6672 calls it a "penalty." Under his view, only the employer corporation obligated to withhold the funds is liable for a "tax." 26 U.S.C. § 3402.

The government recognizes that Section 6672 explicitly imposes a "penalty" rather than a "tax", but relies on an uncontroverted line of cases that repudiate the statutory language and hold that a Section 6672 liability is a nondischargeable tax for bankruptcy purposes. *In re Murphy,* 533 F.2d 941, 942 (5th Cir. 1976), aff'g *In re Murphy,* 381 F.Supp. 813 (N.D.Ala.1974); *Westenberg v. United States,* 285 F.Supp. 915 (D.Ariz.1968); *Lynn v. Scanlon,* 234 F.Supp.

---

* The Hon. Robert A. Grant, United States District Court for the Northern District of Indiana, is sitting by designation.

1. "§ 6672. *Failure to collect and pay over tax, or attempt to evade or defeat tax*

   Any person required to collect, truthfully account for, and pay over tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

140 (E.D.N.Y.1964); *Sherwood v. United States*, 228 F.Supp. 247 (E.D.N.Y.1964).

Notwithstanding this contrary precedent, we reverse the district judge and hold the liability to be a dischargeable debt.

All the cases cited by the government rely on *Botta v. Scanlon*, 314 F.2d 392 (2d Cir. 1963), which holds that the liability imposed under Section 6672 is a "tax" within the meaning of the Internal Revenue Code's Anti-Injunction Statute, applicable to suits brought to restrain "the assessment or collection of any *tax*" (emphasis added). 26 U.S.C. § 7421(a).[2]

The *Botta* court based its decision on Section 6671 of the Internal Revenue Code. Section 6671 mandates that

"any reference in this title [which includes the Anti-Injunction Statute] to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter [which includes Section 6672]."

No provision equivalent to Section 6671 applies to references to "taxes" in the Bankruptcy Act. Thus, *Botta's* holding that a Section 6672 "penalty" is a "tax" for purposes of the Anti-Injunction Statute, premised as it is on the clear language of Section 6671, cannot be extended to the bankruptcy context.

The government's cases support their result by explaining that Section 6672

"is not a penalty as that term is generally used, but in reality is a liability for a tax originally imposed upon the corporation and shifted to the corporate officer upon his default." *Sherwood v. United States, supra* at 251.

More a characterization than an analysis, this rationale is insufficient in our opinion to override Congress' own characterization in Section 6672 of the liability it created.

The government's alternative ground, 11 U.S.C. § 35(a)(1)(e), suffers from the same disability as its primary ground. Section 35(a)(1)(e) provides that

"a discharge in bankruptcy shall not release a bankrupt from any taxes . . which the bankrupt has collected or withheld from others as required by the laws of the United States . . . but has not paid over. . . . ."

This proviso was enacted to make withholding taxes collected by the bankrupt but not paid over to the government nondischargeable no matter how long past due. Without it, Section 35(a)(1) would discharge all such taxes except those "due . . . within three years preceding bankruptcy." H.R. Rep.No. 687, 89th Cong., 1st Sess. 1, 5–6 (1965). Because the proviso renders only "taxes" nondischargeable, not a "penalty" imposed under 26 U.S.C. § 6672, it cannot be applied to Sotelo's liability. Moreover, Section 35(a)(1)(e) applies only to taxes "which the bankrupt has collected or withheld from others as required by the laws of the United States", and it was not Sotelo himself, but his employer-corporation, that was obligated by law to collect and withhold the taxes governed by the proviso. 26 U.S.C. § 3402.

As a policy matter, the government's position that Sotelo remains personally liable, notwithstanding bankruptcy, for taxes required to be withheld by his corporation, can lead to substantial inequities. When an individual remains personally liable after bankruptcy for his own taxes, there is at least some connection between the amount of the liability and the sum of his taxable assets. This nexus is absent when an individual is held liable for a tax owed by a corporation. The corporate liability might vastly exceed the individual's present or future resources. Indeed, the bankrupt's entire future earnings could be confiscated to compensate for the corporate liability, a result that would contravene the Bankruptcy Act's basic policy of settling a bankrupt's past debts and providing a fresh economic

---

**2.** 26 U.S.C. § 7421(a) provides in full:

"(a) *Tax.*—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

start. Declining to bring about such a possibility, we hold the Section 6672 liability dischargeable in bankruptcy.[3]

Any uncertainty created by the conflict between our holding and established precedent, albeit not binding precedent, seems a low price to pay for achieving the basic purpose of the Bankruptcy Act by respecting the statutory language of the Act and the Internal Revenue Code.[4]

REVERSED AND REMANDED.

3. By so holding, we need not consider Sotelo's alternative argument that Mrs. Sotelo is entitled to a state homestead exemption free from her husband's Section 6672 liability.

4. This opinion has been circulated among all judges of this court in regular active service. No judge favored a rehearing in banc on the question of the conflict with the Fifth Circuit's holding in *In re Murphy*, 533 F.2d 941 (1976).