JOSEPH W. SMITH, Plaintiff-Appellee, *v.* PHILLIP G. GOLDSTICK, Defendant-Appellant.—(Robert E. Gordon & Associates, P.C., *et al.*, Intervening Plaintiffs-Appellees.)

First District (5th Division)   No. 82—587

Opinion filed November 5, 1982.

Friedman & Koven and Stewart M. Weltman, both of Chicago, for appellant.

Gordon & Gordon, Ltd., of Chicago (Gilbert W. Gordon, of counsel), for appellees Robert E. Gordon & Associates, P.C., *et al.*

Butler, Rubin, Newcomer & Saltarelli, of Chicago (Ronald Butler and Barbara J. Putta, of counsel), for appellee Joseph W. Smith.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In an action for an accounting and injunctive relief upon dissolution of a law partnership, defendant appeals from a series of orders approving the sublease of the partnership leasehold to intervening plaintiffs and directing defendant to execute the agreement and vacate the premises. He contends that (1) the trial court improperly ordered a sublease to a third party which was (a) unnecessary to conserve the partnership assets when defendant, as a continuing partner, offered to sublease and (b) less profitable to the partnership than his offer; and (2) the orders were procedurally improper and constituted an abuse of discretion.

Plaintiff's verified complaint, seeking an accounting, alleged that the parties' oral partnership agreement was dissolved on November 1, 1979, and that defendant had not properly wound up the partnership affairs. Defendant's verified answer, which admitted the dissolution of the partnership but denied any wrongdoing, included an affirmative defense asking dismissal for want of equity because plaintiff was without clean hands in that he had frustrated defendant's attempt to wind up partnership affairs. Thereafter, plaintiff filed a verified amended complaint containing more detailed allegations and adding a count seeking damages for breach of contract. No answer to the amended complaint appears in the record.

Among the partnership assets was a lease of office space at 180 North LaSalle Street, Chicago, from August 1, 1976, to November 30, 1986, with an option for an additional five years. Upon dissolution of the partnership, defendant continued to occupy the leasehold premises, subleasing portions thereof to other attorneys and to a corporation partially owned by him. Pursuant to plaintiff's motion, a realtor was appointed to offer the leasehold for sale when the parties failed to reach a mutually satisfactory agreement on its disposition. The only offer received was for $16.50 per square foot from Robert E. Gordon & Associates, and on February 11, 1982, after the trial court found defendant's oral offer (made that day) to sublease for $15 per square foot was not acceptable to plaintiff, it ordered acceptance of Gordon's offer subject to negotiation, drafting, and court approval of appropriate documents and terms, and further directed the court-appointed realtor to negotiate with the owners of the building for approval of the sublease. The order also contained an express finding that there was no just reason to delay enforcement or appeal.

On March 4, 1982, intervening plaintiffs were granted leave to enter the action, and the realtor was directed to notify all current ten-

434

ants to vacate the premises by April 30. Thereafter, defendant's motion for a stay without bond was denied, and an appeal bond of $415,361.91 was set. Finally, on March 24, pursuant to intervening plaintiff's motion, the trial court approved the sublease agreement and ordered plaintiff and defendant to execute it and vacate the premises. This appeal from the February 11, March 4, and March 24 orders followed.

OPINION

■ Because defendant failed to post the bond required by the trial court[1] or seek a stay in this court, a question is raised as to whether this appeal is moot. The failure to obtain a stay pending appeal, of itself, does not make an issue moot (*Schaumburg State Bank v. Seyffert* (1979), 71 Ill. App. 3d 630, 390 N.E.2d 388), but when supervening events make it impossible for a reviewing court to grant relief to any party (*Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 405 N.E.2d 1316), the case is moot because "an appellate finding *** on the issue *** cannot *** have any practical legal effect on the controversy." *Betts v. Ray* (1982), 104 Ill. App. 3d 168, 171, 432 N.E.2d 1222, 1225.

In the instant case, defendant's request that the orders be vacated would divest intervening plaintiffs of their interest in the leasehold, and whether such relief may be granted depends on the status of intervening plaintiffs in this action on February 11 and on the finality of the trial court's order of that date. If they were parties when the order became final, the relief requested may be granted, since " '[a] party to a suit *** cannot acquire any rights or interests based on [an] erroneous decree that will not be abrogated by a subsequent reversal thereof.' " (*Schaumburg State Bank v. Seyffert* (1979), 71 Ill. App. 3d 630, 636, 390 N.E.2d 388, 392, quoting *First National Bank v. Road District No. 8* (1945), 389 Ill. 156, 161-62, 58 N.E.2d 884, 887.) However, if intervening plaintiffs were not parties when the order became final, then the relief requested may not be granted, since Supreme Court Rule 305(i) (73 Ill. 2d R. 305(i)) provides that in the absence of a stay within 30 days of entry of judgment, persons who are not a party to the action and acquire a right, title or interest in property after the judgment becomes final are not affected by sub-

[1]Intervening plaintiffs asserted in their motion to dismiss that the orders were not appealable because defendant failed to post bond. This contention was not further briefed or argued by them; however, we note that while posting of a bond may be a prerequisite to a stay of judgment, the right to prosecute an appeal may not be so conditioned. *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208.

sequent reversal or modification thereof.

■ In their initial brief, intervening plaintiffs conceded that they had waived the protection of Rule 305(i) by their intervention. However, they suggested at argument and in their supplemental brief that, should we find that the February 11 order was final, they are protected by Rule 305(i) since their petition to intervene was not granted until March 4. Defendant contends that the February 11 order did not become final until 30 days after entry thereof, and since intervening plaintiffs were parties at that time, Rule 305(i) is inapplicable. In the light of our decision set forth below, that the February 11 order was not final, we find that intervening plaintiffs were parties to this action at the time they acquired their interest in the lease-hold premises and therefore, as the relief requested by defendant could be granted, the issue is not moot.

However, intervening plaintiffs' motion to dismiss on the ground that the orders are not appealable was taken with the case, and we will address the question of our jurisdiction before reaching the merits of the action.

Defendant advances several statutory bases for jurisdiction, initially contending that the orders are appealable under section 1 of "An Act concerning \*\*\* suits seeking equitable relief involving real property \*\*\*" (Ill. Rev. Stat. 1979, ch. 110, par. 405) (hereinafter section 1), which provides in part that "[a]ppeal shall lie from any order which either authorizes or denies the making of a deed, mortgage, lease or other conveyance of real estate."

Supreme Court Rule 1 provided that "rules on appeals supersede statutory provisions inconsistent with the rules and govern all appeals." (73 Ill. 2d R. 1.) Thus, an appeal must comply with the Supreme Court Rules (*People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 237 N.E.2d 495; *People v. Kepi* (1978), 65 Ill. App. 3d 327, 382 N.E.2d 642), for the constitution gives the supreme court, not the legislature, rule making responsibility for appeals (Ill. Const. 1970, art. VI, secs. 1, 16; *Metcalf v. Altenritter* (1977), 53 Ill. App. 3d 904, 369 N.E.2d 498), and any statutory provision which "may in any sense be interpreted as an attempt to govern appeals from the circuit court \*\*\* must yield to the Supreme Court Rules" (*Illinois Consolidated Telephone Co. v. Aircall Communications, Inc.* (1981), 101 Ill. App. 3d 767, 769, 428 N.E.2d 747, 750).

This court has never decided the effect of section 1 on appealability, although we noted in *Horvath v. Loesch* (1980), 87 Ill. App. 3d 615, 410 N.E.2d 154, that there were doubts as to "the constitutionality of the legislature's prescribing, in [section 1 (Ill. Rev. Stat. 1979,

ch. 110, par. 405)], the appealability of trial court orders." (87 Ill. App. 3d 615, 620 n.3, 410 N.E.2d 154, 158 n.3.) The question was not reached in *Horvath* because the court found that plaintiff's failure to obtain a stay of judgment had made the appeal moot since the property was transferred to a person who was not a party to the action. (See 7.3 Ill. 2d R. 305(i).) Such is not the case here, and we thus reach the question as to whether section 1 is inconsistent with the Supreme Court Rules governing appeals.

■ Section 1 purports to make *any* order granting or denying the conveyance of real estate appealable, regardless of the stage of the proceedings when the order is entered; whereas, under the Supreme Court Rules, only final judgments are appealable as of right. (73 Ill. 2d R. 301.) In all other cases, the rules governing appeals mandate compliance with certain prerequisites to jurisdiction. (*E.g.*, 73 Ill. 2d R. 304 (orders final in character which do not dispose of the entire proceeding) and 73 Ill. 2d R. 307 (exceptions for certain interlocutory orders).) Section 1 could be interpreted as including orders which do not comply with the applicable Supreme Court Rules, and to that extent it is inconsistent with the Rules and cannot confer appellate jurisdiction. (See *Browning v. Heritage Insurance Co.* (1974), 20 Ill. App. 3d 622, 314 N.E.2d 1 (jurisdiction of appellate court is limited to judgments and orders specified in Rules 301-08).) Since we find, as set forth below, that none of the orders appealed from here constitutes a final judgment disposing of the entire controversy between the parties, jurisdiction does not lie under section 1.

Turning then to defendant's contention that we have jurisdiction pursuant to Rule 304(a) (73 Ill. 2d R. 304(a)), we note that it provides in relevant part:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal."

To be appealable thereunder, the order must contain the requisite express finding (*Highway Industries, Inc. v. Trailer Leasing Co.* (1977), 48 Ill. App. 3d 235, 363 N.E.2d 60) and must be final in its character, apart from that finding (*O'Donnell v. Sears, Roebuck & Co.* (1979), 71 Ill. App. 3d 1, 388 N.E.2d 1073), as mere inclusion thereof cannot confer appellate jurisdiction where the order is not in fact final (*Hayna v. Arby's, Inc.* (1981), 99 Ill. App. 3d 700, 425 N.E.2d 1174). A final order is one which "disposes of the entire controversy on the merits, so that, if affirmed, the trial court need only proceed with ex-

ecution of judgment" (*Factor v. Factor* (1975), 27 Ill. App. 3d 594, 596, 327 N.E.2d 396, 398), and there is no finality "if the court retains jurisdiction for future determination of matters of substantial controversy" (*Smith v. Interstate Fire & Casualty Co.* (1977), 47 Ill. App. 3d 555, 558, 362 N.E.2d 38, 40).

■ In the instant action, only one of the orders appealed from, that of February 11, contains the finding that there is no just reason to delay enforcement or appeal. Because no such finding appears in the orders of March 4 and March 24, they are not appealable under Rule 304(a), since the requisite finding cannot be implied where it is not expressed. (*Monticello College v. Scott* (1973), 13 Ill. App. 3d 133, 299 N.E.2d 778.) Turning to the February 11 order, we note that although it contains an express finding, it is our view that it lacks finality. Acceptance of intervening plaintiffs' offer was conditioned upon negotiation and court approval of appropriate terms and documents. In addition, no sublease was possible until and unless the court-appointed realtor procured the approval of the building owners. Thus, the order failed to dispose of the entire controversy, and the court retained jurisdiction. See *Smith v. Lewis* (1967), 85 Ill. App. 2d 246, 229 N.E.2d 323.

■ Defendant further asserts that jurisdiction is proper under Rule 304(b), which provides for appeal without the finding required by Rule 304(a) where an interlocutory order "finally determines a right or status of a party." (73 Ill. 2d R. 304(b)(1), (2).) He argues that these orders in effect finally determined his right to occupy the law offices, and thus satisfy the requirements of Rule 304(b). However, that rule is applicable only to judgments or orders entered in the administration of an estate, guardianship, conservatorship, or other similar proceeding. Since the present action is not within the proceedings specified, Rule 304(b) is inapplicable.

Finally, we consider defendant's contention that the March 4 and March 24 orders are in the nature of a mandatory injunction and are therefore appealable under Rule 307(a)(1) (73 Ill. 2d R. 307(a)(1)), which provides that appeal may be taken from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction."

Whether an order is within the provisions of Rule 307 must be determined by its substance rather than its form (*Lake Shore Racquet Club, Inc. v. Fireman's Fund Insurance Cos.* (1980), 91 Ill. App. 3d 1118, 415 N.E.2d 625), and since the rule is addressed only to interlocutory orders, the court's action must not be in the nature of a permanent injunction (*Betts v. Ray* (1982), 104 Ill. App. 3d 168, 432

N.E.2d 1222).

We find that *Statistical Tabulating Corp. v. Hauck* (1972), 5 Ill. App. 3d 50, 282 N.E.2d 524, is dispositive of this issue. There, the trial court permanently enjoined defendant from competing with plaintiff's business activities. Since other issues were still pending before the trial court, defendant sought to appeal pursuant to Rule 307, contending that the injunction was interlocutory rather than final since it did not dispose of the entire litigation. It was held that the permanent injunction constituted a final order on the issue which was the subject thereof, and therefore was not appealable under Rule 307. Thus, if an injunction is permanent in nature, it is a final order appealable only under Rule 301 or 304(a), if those rules are otherwise applicable.

■ Here, if the orders of March 4 and March 24 are in the nature of a mandatory injunction, as defendant contends, they are permanent rather than interlocutory in character. An interlocutory injunction is granted to preserve the status quo pending a decision on the merits (*Grillo v. Sidney Wanzer & Sons, Inc.* (1975), 26 Ill. App. 3d 1007, 326 N.E.2d 180) and concludes no rights (*Spunar v. Clark Oil & Refining Corp.* (1977), 53 Ill. App. 3d 477, 368 N.E.2d 990). Such orders are either preliminary injunctions or temporary restraining orders which are limited in duration and in no case extending beyond the conclusion of the action. (Black's Law Dictionary 705 (5th ed. 1979).) The March 4 and March 24 orders are not limited in their duration, nor do they merely preserve the status quo; rather, by them defendant is permanently deprived of his right to occupy the law offices, and they are more in the nature of final orders disposing of an issue between the parties. They are thus not appealable under Rule 307(a)(1).

For the reasons stated, we find that jurisdiction is not proper in this case, and the appeal is dismissed.

Dismissed.

LORENZ and WILSON, JJ., concur.